42   271
71   683

## WILLIAM A. PECK, JR., *vs.* STEPHEN E. BOOTH AND OTHERS.

A party who would invoke the aid of a writ of mandamus must have a clear and well defined legal right and must be without other adequate remedy.

A borough charter provided that twenty freemen of the borough might "at any time, by petition, oblige the warden and burgesses to call a special meeting of the borough." Twenty freemen petitioned the warden and burgesses to call a meeting "to take action on resolutions to be offered for a repeal of the charter of the borough." The officers refused to call the meeting, and one of the petitioners applied for a mandamus to compel them to do it. Held that the right of the petitioning freemen to an expression of an opinion by a borough meeting was not a legal right; such expression of opinion having no legal effect, and so far as it might be important as evidence upon which the legislature might act in determining whether to repeal the charter, it was not the only method in which an expression of the public opinion could be obtained for that purpose.

And held that, while the right to a call of a borough meeting for any lawful purpose was a legal right, yet as that right was shared with all the other freemen of the borough, it could not be enforced by a private proceeding, but only by one instituted by and in the name of the State.

APPLICATION for a mandamus; brought to the Superior Court in New Haven County. The principal averments of the application were as follows:—

That the applicant is, and for more than three years last past has been, an elector of this state, and an inhabitant of the town of Orange in this state, and since the incorporation of the borough of West Haven has lived in, and has been, and still is, a freeman of said borough; that in the year 1873 the borough of West Haven was incorporated by the General Assembly and is located in said town of Orange; that for more than six months last past, and at the present time, Stephen E. Booth has been, and now is, the warden of said borough, and Daniel W. Wagner, Israel K. Ward, James

Graham, Luther Fowler, Zadoc R. Morse and Daniel Clark have been, and now are, the burgesses of said borough; that by the charter of said borough it is made the duty of said warden and burgesses to call a special meeting of the freemen of said borough whenever twenty freemen of said borough petition them thereto; that on the 16th day of March, 1875, the applicant and nineteen others, making twenty in all, all freemen of said borough, did petition said warden and burgesses to call a special meeting of the freemen of said borough on the 24th day of March, 1875, at Thompson's Hall in said borough, to take into consideration matters vital to the welfare and prosperity of the freemen of said borough; and that said 24th day of March was a suitable time, and said Thompson's Hall was a proper and the usual place of holding meetings of said freemen. And your applicant says that said warden and burgesses, in plain violation of said charter and their duties thereunder, and intending to defraud the freemen of said borough out of their chartered rights, have neglected and still neglect and refuse to call such special meeting of the freemen of said borough so petitioned for as aforesaid; and your applicant, humbly representing that his rights as a freeman of said borough have been taken from him without color of law or right, and that it is imperatively necessary, for the best interests of the freemen of said borough, that such meeting should be called and held, and that your applicant has no other remedy than can be furnished by the interposition of this court to enforce the rights so wrongfully withheld from him, prays this court to issue a writ of mandamus commanding said warden and burgesses to call a special meeting of the freemen of said borough at such time and place as this court shall direct, and to do and perform all the duties imposed upon them in this behalf, or to signify cause to the contrary thereof to this court.

The court ordered notice to be served upon the respondents to show cause why the writ should not issue against them, and they appeared and showed cause as follows:—

They admit that on the 16th day of March, 1875, the said William A. Peck and nineteen others, making in all twenty

of the freemen of said borough, did petition said warden and burgesses to call a special meeting of the freemen of said borough at the time and place alleged in said application; but they deny that the object of said proposed meeting was to take into consideration matters tending to the welfare and prosperity of said borough; on the contrary thereof, they aver that the object of said proposed meeting, as set forth and declared in said petition of March 16th, 1875, to the warden and burgesses to call the same, was to take action for the repeal of the charter of said borough of West Haven, and to prohibit the officers thereof from continuing to discharge the duties imposed upon them by the charter of said borough. And the respondents deny the right of said petitioners to compel them to call a special meeting of the freemen of said borough for the objects set forth and declared in said petition of March 16th, 1875, and pray the judgment of the court therein, and that they may be hence dismissed.

This answer was traversed, and the court found that the petition to the warden and burgesses for the calling of the meeting, was signed by the applicant and nineteen others who were all freemen of the borough, and was as follows:— "We the undersigned, legal voters of the borough of West Haven, petition the board of warden and burgesses to call a meeting of the freemen of the borough at Thompson's Hall, March 24th, 1875, to take action on resolutions thereto be offered tending to a repeal of the charter of the borough and stoppage of the collection of all taxes until a final hearing before the General Assembly has been had on the above repeal." Also that the object and only object of the proposed meeting was correctly set forth in the petition, and that the allegations of the application and answer, not inconsistent with the facts specially found, were true.

Upon these facts the case was reserved for the advice of this court.

*H. Stoddard*, for the applicant.

1. The charter of the borough imposes the ministerial duty of calling the meeting asked for, upon the warden and

burgesses. The language is imperative : " may at any time by petition oblige." This being so, mandamus is the proper and only remedy. Moses on Mandamus, 214 ; High on Extr. Leg. Rem., §§ 463, 476 ; High on Mandamus, § 490 ; *Wright* v. *Fawcett*, 4 Burr., 2041 ; *Regina* v. *Aldham*, 15 Jurist, 1035.

2. The objection that the intent is to secure the repeal of the borough charter is frivolous. The people of Connecticut have a right to choose the form of their local governments ; and the desire of the people of the municipality is invariably the governing fact. Everyone knows that it is the practice, almost invariable, for the corporations themselves to take the initiative and secure amendments, alterations and repeals of charters. This practice has been attended with the best results ; it puts an end to litigation and secures results desired by the majority with little or no expense.

*J. S. Beach* and *Dewey*, for the respondents.

CARPENTER, J. It is familiar law that he who would invoke the aid of a writ of mandamus must have a clear and well defined legal right, and must be without any other adequate remedy.

The plaintiff, in common with nineteen others, desired a repeal of the charter of the borough of West Haven. They requested the defendants, the borough officers, to call a meeting of the freemen to take action on resolutions there to be offered tending to such a repeal. The borough officers refusing, this application is made, for a mandamus to compel them to call the meeting.

What is the precise legal right which the plaintiff seeks to enforce ? He and his associates have a right undoubtedly to prefer their petition for a repeal of the charter, and to have that question tried by the proper tribunal. But the borough meeting is not the proper tribunal to pass upon that question. That therefore is not the right they are seeking to enforce, as they may try that question before the legislature without the intervention of a borough meeting.

It may be claimed that they desire the action of such a meeting to be used in evidence; that it will be important as showing what are the views and wishes of a majority of the freemen. If the repeal could be effected in no other way, or if there was no other method of ascertaining the views and wishes of the freemen, there might be some force in that claim. But, as it is, they have not a clear legal right to that precise evidence, as the legislature may find abundant reason for repealing the charter, or refusing to repeal it, without reference to the wishes of the freemen; and if the state of public sentiment becomes essential, it may be ascertained, more accurately perhaps, and with quite as little trouble in the aggregate, by petition and remonstrance. There is no necessity therefore for the proposed meeting in order to enforce their right to try the question of repeal.

But the all important right still remains to be considered; and that is, the right of petition. The right of the plaintiff to petition the borough officers to call a meeting of the freemen for any lawful purpose is unquestionable; and if the petition is signed by the requisite number, the duty of the officers to comply with the request is equally clear. We suppose the object of this application is to vindicate that right and enforce that duty. But here the plaintiff encounters another difficulty. That is a right which he holds in common with every other freeman of the borough. The duty of the officers is owing, not to the plaintiff alone, but to all. The damage which he has sustained by a non-performance of that duty is shared by all, and the remedy is open equally to all. That remedy is not a suit in his own name, but a suit instituted by, and in the name of, the State. This point was expressly decided in *Lyon* v. *Rice*, 41 Conn., 245. That case is decisive of this.

We advise the Superior Court that the application should be dismissed.

In this opinion the other judges concurred; except PHELPS, J., who did not sit.