Jason P. Thomson, Jr. *vs.* The City of New Haven.

* First Judicial District, Hartford, March Term, 1924.

Wheeler, C. J., Beach, Curtis and Keeler, Js.

No constitutional right is violated by the legislature in providing, as is quite commonly done in city charters, that damages for land taken by a municipality for public use shall be assessed, in the first instance, by one of its departments, after notice and opportunity

* Transferred from third judicial district.

Thomson *v.* New Haven.

for hearing. Such procedure is in the interest of simplicity, dispatch and economy, while dissatisfied landowners are protected by their right of appeal to the Superior Court, which may confirm, annul, or modify the assessment complained of. Due process of law and the constitutional right to just compensation are thus assured as fully as if the proceedings were originally instituted in the Superior Court.

It is within the power of the legislature, having adequately protected these fundamental rights, to direct that the first assessment shall be conclusive unless appealed from.

Argued March 6th—decided March 31st, 1924.

APPEAL by the plaintiff from an award of $600 by the bureau of compensation of New Haven, for damages to him from the condemnation of his land for park purposes, taken to and tried by the Superior Court in New Haven County, *Banks, J.;* damages reassessed at $350, with costs to the defendant, from which the plaintiff appealed. *No error.*

*Jason P. Thomson,* with whom, on the brief, was *Willard D. Warren,* for the appellant (plaintiff).

*George W. Crawford,* with whom, on the brief, were *Harrison Hewitt* and *Thomas R. Robinson,* for the appellee (defendant).

BEACH, J. The appellant's land was taken for park purposes by vote of the board of aldermen of New Haven, and damages assessed by the bureau of compensation. He appealed to the Superior Court on the ground, among others, that the bureau of compensation was without jurisdiction, because its members were not disinterested persons, but paid servants of the City of New Haven. The Superior Court reassessed the damages and awarded judgment accordingly, and the plaintiff appeals to this court on the ground above stated.

The underlying theory of the plaintiff's appeal is that the charter of the City of New Haven does not give to the board of aldermen the right to condemn land in the manner particularly prescribed therein; but that the city must proceed under § 5186 of the General Statutes, which provides for the original assessment of damages by three disinterested persons. This is a mistaken theory. Section 5186 is not a statute of general application. Its application is in terms restricted to the condemnation of land for the particular purposes set forth in certain other sections of the stattutes, each of which is identified by its number. These other sections refer to the taking of land by the State, by counties, by school districts and by towns. Municipal corporations created by charter derive all their powers from the charter under which they act, unless some general statute gives them additional powers. The City of New Haven has no power to take land for any purpose otherwise than in the manner specified in its charter, which requires that the original assessment of damages shall be made by the bureau of compensation. That was done in this case, and the plaintiff makes no claim that his land was taken and his damages assessed otherwise than in strict accordance with the charter.

Most, if not all, of our city charters provide that damages for land taken by the municipality for public uses, shall be assessed in the first instance by a department of the municipality, after notice and opportunity for hearing. In this way the approximate cost of large public improvements affecting many owners, is promptly, conveniently and inexpensively ascertained, and dissatisfied owners are protected by the right to appeal to the Superior Court, which may confirm, annul, or modify the assessment complained of. Due process of law and the constitutional right to just com-

pensation are thus assured as fully as if the proceedings were originally instituted in the Superior Court. These fundamental rights being adequately protected, the General Assembly has power to authorize a department of the municipality to make the preliminary assessment of damages, and power to direct that such assessment shall be conclusive unless appealed from. *Bohannan* v. *Stamford*, 80 Conn. 107, 67 Atl. 372; *Shannahan* v. *Waterbury*, 63 Conn. 420, 28 Atl. 611; *Driscoll* v. *New Haven*, 75 Conn. 92, 52 Atl. 618; *State* v. *Suffield & Thompsonville Bridge Co.*, 81 Conn. 56, 62, 70 Atl. 55; *Woodruff* v. *Catlin*, 54 Conn. 277, 295, 6 Atl. 849; *Woodruff* v. *New York & N. E. R. Co.*, 59 Conn. 63, 79, 20 Atl. 17.

There is no error.

In this opinion the other judges concurred.