FOOD, BEVERAGE AND EXPRESS DRIVERS LOCAL UNION No. 145 *v.* CITY OF SHELTON

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued February 2—decided April 5—reargued June 9—
amended opinion filed June 14, 1960

*Charles M. Lyman,* with whom was *George J. Finn,* for the appellant (defendant).

*Norman Zolot,* for the appellee (plaintiff).

MELLITZ, J. This is an appeal from a judgment directing the defendant to proceed with arbitration and appoint an arbitrator pursuant to the terms of a written agreement allegedly entered into by the defendant with the plaintiff.

In a municipal election on November 4, 1958, the incumbent mayor of the defendant sought re-election but was defeated. Before his successor could take office, a contract was entered into purporting to recognize the plaintiff as the bargaining agent for the city's street department employees. The contract was drawn hastily and without the knowledge of the corporation counsel, but it was later submitted to him for study. It contained the provisions commonly found in collective bargaining agreements, including those for a union shop, collection by the city of union dues, a grievance procedure requiring arbitration of disputes involving the interpretation or application of any contract provision, and seniority to govern in layoffs, rehirings and promotions. It further provided for an increase in rates of pay and for a welfare plan to cost the city approximately $4300 a year in addition to the pay roll included in the official budget. To meet the increased costs, an effort was made to obtain a special appropriation from the board of apportionment and taxation, the budget authority of the city, but the effort was futile.

On January 5, 1959, the newly elected mayor took office. The following day, a number of the employees covered by the agreement were discharged. The union requested the city to arbitrate, under the provisions of the agreement, certain disputes which arose from the refusal by the street commissioner to put to work five employees who had seniority under the agreement. The city refused to appoint an arbitrator, whereupon the union brought this application. The court concluded that the agreement was valid and enforceable and ordered the city to appoint an arbitrator and proceed to arbitration in accordance with the provisions of the agreement. The city has appealed.

A principal ground of the attack by the city on the agreement is that there was no proper authorization for its execution on behalf of the city. The power of the city to enter into an agreement such as that involved here is subject to the limitations set out in its charter. Section 66 of the Shelton charter states that the board of aldermen may make ordinances to provide for the execution of contracts by the city and to regulate and fix the salaries and compensation of all officers and employees of the city. 17 Spec. Laws 670. The court has expressly found that the board of aldermen did not at any time enact any ordinance with respect to the instrument which purports to be the collective bargaining agreement between the union and the city. The court found further that at a meeting on December 4, 1958, the board of aldermen "after discussion voted to accept the agreement and authorized the Mayor to execute it on behalf of the City. The Mayor did so on December 4, 1958 and a signed copy was filed with the City Clerk in his office." Such a vote fell far short of the requirement of the charter that action by the board of aldermen in this sphere be taken in the form of an ordinance. Section 67 of the charter provides that no ordinance shall take effect until it has been published at least twice in some newspaper having a circulation in the city; 17 Spec. Laws 989, No. 277, § 2; and § 98 provides that, except in an emergency, and no emergency existed here, an ordinance or salary increase passed by the board of aldermen shall not go into effect before fourteen days from the date of its publication in such a newspaper, and that during this fourteen-day period the electors of the city may take steps to suspend the operation of the measure and have it submitted to a referendum of the electors at a general or special election. 17

Spec. Laws 686 (as amended, 18 Spec. Laws 304, No. 346, § 20).

The action of the board of aldermen pursuant to which the agreement in issue was entered into on behalf of the city did not purport to meet the requirements of the charter with respect to the enactment of an ordinance. When a charter provision requires that an act be done by ordinance, action taken in some other form cannot receive effect unless it is affirmatively established that it was taken with all the formalities of, and published in the same manner as, an ordinance. 2 Dillon, Municipal Corporations (5th Ed.) § 572. "[T]he deliberative form of an ordinance, where it is required by law to accomplish a named act, . . . is the only manner or mode in which the act . . . can be accomplished." 5 McQuillin, Municipal Corporations (3d Ed.) p. 57; *Jack* v. *Torrant,* 136 Conn. 414, 419, 71 A.2d 705; *Sullivan* v. *Mortensen,* 132 Conn. 289, 295, 43 A.2d 731. The charter of Shelton is its enabling act, and where the charter points out a particular way in which any act is to be done, the prescribed form must be pursued for the act to be lawful. *State ex rel. Southey* v. *Lashar,* 71 Conn. 540, 546, 42 A. 636. Under the provisions of the charter, an agreement of the nature here involved required action by the board of aldermen in the form of an ordinance. No such action was taken, and the instrument did not become effective as an agreement binding on the city. There is here no claim based on ratification by acceptance of benefits under the rule of cases such as *Loomis* v. *Fifth School District,* 109 Conn. 700, 704, 145 A. 571.

It is unnecessary to consider whether the agreement violated other provisions of the charter or whether it contained provisions which the city could

not, under any circumstances, legally obligate itself to perform. If we assume, without deciding, that what is now General Statutes § 7-460 could have a bearing on the controversy, it would not change the result because, apart from other considerations, the finding establishes that approval by the budget authority of the city was not obtained.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.