RICHARD H. MOORE *v.* CITY OF NEW BRITAIN

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued April 14—decided May 26, 1964

*Steven E. Perakos,* for the appellant (defendant).

*Wallace R. Burke,* with whom was *Maxwell Heiman,* for the appellee (plaintiff).

MURPHY, J. The plaintiff resigned from the New Britain police department on July 7, 1958, after serving as a police officer from April 1, 1950. By ordinance, his salary was set at $63.78 a week. During his period of service, $1770.46 was deducted from his pay for the police benefit fund. After he resigned, he requested reimbursement of the amount deducted. His request was denied, whereupon he brought suit to recover the unpaid balance of his pay. From the judgment rendered for the plaintiff, the defendant has appealed.

The New Britain charter provides that the police benefit fund shall consist of certain moneys and property and "assessments to be made by the trustees of said fund on the compensation of the regular members of the police department at the rate of 5 per cent per annum, payable weekly as the trustees of the fund may determine." 30 Spec. Laws 459, § 1951. This provision required affirmative action by the board of trustees to lawfully levy the assessments on the members at the rate specified. *Food, Beverage & Express Drivers Local Union* v. *Shelton,* 147 Conn. 401, 405, 161 A.2d 587; *State ex rel. Southey* v. *Lashar,* 71 Conn. 540, 545, 42 A. 636. To justify the withholding of the moneys from the plaintiff's pay, it was necessary for the defendant to prove that the trustees had levied the assess-

ments. The defendant did not do so. It rested at the conclusion of the plaintiff's case without offering any evidence. The court found that the trustees had not made an assessment as required by the charter. The conclusion that the defendant failed to pay the plaintiff the full compensation to which he was entitled is correct. The Statute of Limitations was not pleaded.

There is no error.

In this opinion the other judges concurred.