A. E. Brown et al.

*v.*

State of Tennessee ex rel. Jubilee Shops, Inc., et al.

426 S.W.2d 192.

(*Knoxville,* September Term, 1967.)

Opinion filed March 8, 1968.

CHARLES B. RUCKER, JR., Chattanooga, for appellants; EUGENE N. COLLINS, Chattanooga, of counsel.

VAN CLEAVE, HATFIELD & PARKER, Chattanooga, for appellees.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

This is a mandamus suit brought by the appellees (certain stores and shops and individuals operating them in Chattanooga, Hamilton County, Tennessee) and filed against the Board of Election Commissioners for Hamilton County to compel the submission of a proposed ordinance to the qualified voters of Chattanooga, Tennessee. A demurrer and answer were filed on behalf of the appellants on the ground that the proposed ordinance was

invalid since the body thereof was broader than its title or caption, and it was therefore invalid under the provisions of the Charter of the City of Chattanooga, Tennessee. The Chancellor overruled the demurrer and ordered the Commission to submit the matter questioned to the electorate. An appeal has been seasonably perfected, arguments heard and able briefs filed.

The appellees had requested the City Commission to amend its ordinance relating to Sunday closing. The Commission refused to do this, and as a result thereof a petition in eighty-seven parts was filed with the Election Commission requesting an initiative election under the procedure of Chapter 15, Private Acts of 1911, to amend the Sunday closing ordinance.

The necessary preliminary steps were taken so that the ordinance might be presented to the Election Commission for a vote of the people on it, and this suit was brought as a result of the refusal of the Election Commission to order the election.

There are two questions presented according to the appellants' brief, that is, that in the proposed ordinance the body of the ordinance is broader than the title or caption thereof, and that the proposed ordinance is misleading and does not give reasonable notice of the subject matter encompassed in the body thereof. Of course, these two questions are stating the same proposition merely in different ways.

The appellants claim and argue that if the mandamus is granted it would be against the public interest and should be refused, because if granted it would start a performance of an act which would have no effect at law because of the two propositions above stated. It is

the general rule that a writ of mandamus may be issued against a Board, such as this, to compel performance of a purely administrative duty which is imposed by law.

The Charter of the City of Chattanooga may be found in the Private Acts of 1901, Chapter 432, under section 12-2, as amended by subsequent Private Acts, sections 13 and 15, Chapter 10, Private Acts of 1911, and it is provided that the body of an ordinance of the City is comparable to legislative acts of the State of Tennessee, and the body must not be broader than the caption or title thereof. Thus it is, the argument of the appellants here is that this ordinance as drawn is both in violation of the Constitution of the State of Tennessee, Article 2, sec. 17, and the act giving the City of Chattanooga life as a city. Since the question is exactly the same as to the ordinance as it would be for an act passed by the Legislature under the constitutional provision just above referred to, naturally the authorities of this State under this constitutional provision are those cited pro and con against the ordinance in question.

The caption or title of the proposed ordinance provides:

"An Ordinance to amend the City Code of the City of Chattanooga, Tennessee, 1960, Part 11, by striking therefrom Section 40 of Chapter 30 regulating Sunday sales and substituting in lieu thereof a new Section 40, permitting certain retail sales on Sunday from 1:00 P.M. to 6:00 P.M."

The body of the proposed ordinance provides as far as here pertinent that:

"It shall be unlawful for any person, firm or corporation in the City of Chattanooga, Tennessee own-

ing or operating any clothing, hardware, jewelry, furniture, department or variety store to sell or authorize another as agent or employee to sell, dispose of or give away on Sunday any article, merchandise, goods, wares or commodities kept for sale in such stores, provided, however, that any such store may open on Sunday at 1:00 P.M. and remain open until 6:00 P.M. and may sell any such goods and merchandise during these hours.''

The Charter of the City of Chattanooga, sec. 12-2, provides in part: "No ordinance shall be valid if it shall embrace more than one subject, that subject to be expressed in the title." Article 2 sec. 17, of the Constitution of Tennessee, provides: "* * * No bill shall become a law which embraces more than one subject, that subject to be expressed in the title. All acts which repeal, revive or amend former laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revived or amended.'' This provision of our Constitution has frequently been referred to as the one subject provision of the Constitution, and as such has been before the courts many times embracing a myriad of acts of the Legislature wherein the contention has been always that said acts in their body are broader than as set forth in the caption.

■ It is very ably argued by appellants that mandamus will not lie to compel a submission of an invalid ordinance to the voters. This proposition is conceded by the appellees, and, it seems to us, that such proposition is correct. In other words, if an ordinance is invalid it would not be the duty of the court to issue an order toward doing something that is illegal or wrong in the sense of legality. In support of this proposition the ap-

pellants cite Ferris on Extraordinary Legal Remedies, 1926, sec. 204, pages 235; McQuillin on Municipal Corporations, 2nd Rev.Ed., sec. 728, page 801; and cases from several other states which support this proposition, such as *Utz v. City of Newport* (Ky.) 252 S.W.2d 434; *Ferris ex rel. Anderson v. Colley,* 145 Me. 95, 73 A.2d 37; *State ex rel. Cranfill v. Smith,* 330 Mo. 252, 48 S.W.2d 891, 81 A.L.R. 1066; and others. It isn't necessary for us to consider this question here because there is no question about this being a correct principle. So it is, the only proposition is to determine whether or not the proposed ordinance is valid in that the initiative process is valid in that the body of the ordinance proposed does not violate the provision of the Charter of Chattanooga or the State Constitution, above quoted.

There have been many, many cases over the years construing various statutes of the Legislature to determine whether or not they violated Sec. 17, Article 2, of the Tennessee Constitution. One of the latest cases on this subject is that of *Cosmopolitan Life Ins. Co. v. Northington,* 201 Tenn. 541, 300 S.W.2d 911, which quotes from three or four of the older cases. The language of those cases makes the question here a simple question when the ordinance or the act complies with what the courts have thus said about it. One of the best of these cases, where the statement is very clear, it seems to us, is *Bell v. Hart,* 143 Tenn. 587, 223 S.W. 996, wherein the Court said:

"The two-subject clause of the Constitution was intended to prevent a combination in the same act of laws upon wholly different subjects; to avoid the union of incongruous matters in one statute; to secure unity of purpose in legislative enactments."

In the same volume the late Chief Justice Green, speaking for the Court, in *Davis v. Hailey,* 143 Tenn. 247, 252, 227 S.W. 1021, 1022, said:

"So far as section 17, article 2, is concerned, if the various provisions of an act and directed toward a common purpose, and that purpose is expressed in the title, it would make no difference if the several provisions of the act involved all powers of the legislature. This section of the Constitution regulates the syntax of statutes. It imposes no restriction upon the powers exerted, nor upon the commingling of such powers, so long as the provisions of the statute are not incongruous and are germane to the subject expressed in the caption."

Then another quotation from an earlier case, that of *Kizer v. State,* 140 Tenn. 582, 589, 205 S.W. 423, 425, wherein the Court said:

"The unity of the subject is to be looked for in the ultimate object of the statute; it cannot with reason be held that each step towards the accomplishment of an end or object should be embodied in a separate act, and so long as the steps are of the same general nature and legitimately parts of one system, and, or object, the act is constitutional."

Thus it is, when we take these statements as to what is required as to the caption and the body of the act, it is perfectly plain to us that they are harmonious and there is nothing incongruous about the matter. The caption, of course, does not go as far and is not as long as the body. If the caption had to use every word that the body does there would be no use in having a caption. When we compare the actual body of this ordinance with

the caption above quoted we find that they are harmonious.

The ordinance says that these various businesses as set forth in the ordinance shall be closed on Sunday except between the hours of 1:00 and 6:00 P.M. and during that time they are allowed to remain open. This statement does not make it broader than the caption. In fact, as we see it, there is very little difference between the caption and the body of the ordinance. We do not determine this question by what it does not say nor by its effect, but only by the provisions of the caption as compared with the provisions of the body; by the subject of the ordinance and not by the effect thereof. See *Scott v. Nashville Bridge Co.,* 143 Tenn. 86, 223 S.W. 844. It is not required that the title of the act, whether an ordinance or a statute, contain all the provisions in detail as set forth in the body. As said above, if this were required, and as pointed out by the Chancellor in his opinion, it would not be necessary to enact anything except the title. See such cases as *Clark v. State ex rel. Bobo,* 172 Tenn. 429, 113 S.W.2d 374, 782; and a full discussion of the question in *Cosmopolitan Life Ins. Co. v. Northington,* supra, where all of these cases were discussed and this question was determined. When we apply these tests to the ordinance involved in the instant case, it is obvious to us that the body of this ordinance embraces no matter beyond the subject set forth in the title. Every provision in the body of the ordinance is related directly to the provisions contained in the caption.

This ordinance is not unlike an ordinance from Hamilton County which this Court had before it several years ago wherein we determined that the ordinance was valid and discussed these various things with reference to cer-

tain type stores closing and permitting other type stores to remain open even though both classifications of stores might be selling the same merchandise. We determined that this was not unreasonable. See *Kirk v. Olgiati*, 203 Tenn. 1, 308 S.W.2d 471. This, as we have heretofore held, can be done, and this is all this ordinance is attempting to accomplish.

Here through the processes as provided by the Charter of Chattanooga, this ordinance is prepared and proposed to be submitted to the initiative of the people themselves and is not an ordinance prepared by the Commission against the people in their elective position, but it is one where the body of this ordinance clearly comes within the caption thereof, and this is to be submitted to the people who are the ultimate source of power and authority in a democratic society such as ours.

Clearly, since the ordinance is valid as far as the contest here is concerned, that is, as between the body and the caption of this act, the reasoning of the previous cases on this question over the last fifty odd years is clearly applicable, and we think for this reason the Chancellor was correct in ordering the mandamus, and his decree herein will be affirmed.