WEST HARTFORD TAXPAYERS ASSOCIATION, INC., ET AL. *v.* ANNE P. STREETER ET AL.
(11059)

SPEZIALE, C. J., HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued May 12—decision released July 26, 1983

Jerome M. Griner, for the appellants (plaintiffs).

John C. Heffernan, with whom were John L. Bonee III and, on the brief, Cecily A. Isbell, for the appellees (defendants).

PARSKEY, J. This is an action brought, inter alia, against the mayor and members of the town council of West Hartford seeking an order by way of mandamus or mandatory injunction compelling the defendants to call an election for the adoption or rejection of an initiative petition limiting increases in the town budget. The trial court rendered a judgment for the defendants and the plaintiffs have appealed. The trial court ruled that the initiative provisions of the charter could not be utilized for budgetary matters. We agree.

The appeal raises three issues: (1) whether it is appropriate for a court to inquire into the validity of an initiative proposal which has satisfied the mandatory statutory requirements for submission to the electorate; (2) whether the West Hartford charter precludes an initiative on budgetary matters; and (3) whether the rights of the electorate under the initiative provisions of the West Hartford charter constitute a limitation on the powers of the town council in budgetary matters.

I

We first consider the plaintiffs' claim that in determining whether to issue a writ of mandamus[1] the court

---

[1] The plaintiffs alternatively sought a mandatory injunction. Since in this case mandamus was available as an appropriate remedy, an injunction would not lie. Monroe v. Middlebury Conservation Commission, 187 Conn. 476, 480, 447 A.2d 1 (1982).

should not have considered the validity of the initiative proposal. Under chapter XI, § 1[2] of the town charter the electors have the power to propose to the council, with certain exceptions not pertinent to this case, any ordinance or other measure. Section 2[3] provides that if the proposed ordinance contains the requisite number of signatures and if the council fails to adopt such ordinance or measure within sixty days after the petition is filed with the town clerk the electors may adopt or reject the proposal at an election called and warned by the council within ninety days after the town clerk certifies to the council that the petition meets the charter requirements. Acting under these provisions the plaintiffs submitted to the town clerk a proposed ordinance limiting increases in the annual town budget. The town council, accepting the opinion of the corporation counsel that the proposed ordinance was illegal, refused to submit the proposal to the town electorate. The plaintiffs claim that in declining to issue the writ the trial court erroneously considered the question of the validity of the proposed ordinance. We disagree.

---

[2] Chapter XI, § 1 of the West Hartford charter provides:

"SECTION 1. INITIATIVE, POWER AND SCOPE. The electors shall have the power to propose to the council any ordinance or other measure, in accordance with this chapter, except an ordinance or resolution appointing or removing officials, specifying the compensation or hours of work of officials or employees, or relating to the council's action and authority when the council is acting in its capacity as the zoning authority of the town."

[3] Chapter XI, § 2 of the West Hartford charter provides:

"SECTION 2. INITIATIVE, PETITION PROCEDURE. If the council fails to adopt such ordinance or measure within sixty days after a petition making such a proposal has been filed with the town clerk, the electors may adopt or reject the same at an election called and warned by the council within ninety days after such proposed ordinance or measure was originally certified by the town clerk, provided such petition shall be substantially in the form prescribed in section 7 of this chapter, and shall be in ink or indelible pencil, signed by not less than seven per cent of the electors as determined by the last-completed registry list. The town clerk shall determine the sufficiency of the petition and, if said petition is found to be sufficient, shall certify it to the council within seven days after receipt of the petition."

The initiative is a form of direct action legislation by the people. It consists of two parts, namely, the petition and the election. This case concerns the election aspect of the legislative process. Ordinarily courts will not enjoin the holding of an initiative election even in the face of a claim that the proposal is invalid or unconstitutional. *Dulaney* v. *Miami Beach,* 96 So. 2d 550 (Fla. App. 1957); *Unlimited Progress* v. *Portland,* 213 Or. 193, 324 P.2d 239 (1958); 5 McQuillin, Municipal Corporations (3d Ed. Rev.) § 16.69; annot., 19 A.L.R.2d 519, 522. Judicial abstention can be justified on the grounds that until the results are known there can be no showing of irreparable harm, that judicial intrusion into and interruption of the political process is inappropriate and that the fact that, if the proposal is later held invalid, the election may be useless does not render such election illegal.

On the other hand, in a proceeding to compel an election courts will look into the question whether, if approved by the voters, the measure would be valid. *Utz* v. *Newport,* 252 S.W.2d 434 (Ky. 1952); *State* v. *Fant,* 216 La. 58, 43 So. 2d 217 (1949); see *Brown* v. *State,* 221 Tenn. 283, 426 S.W.2d 192 (1968); 5 McQuillin, Municipal Corporations, loc. cit. While we acknowledge that there is a split of authority on the issue of compelling an initiative election on an ordinance that is arguably invalid or unconstitutional; *State ex rel. Althouse* v. *Madison,* 79 Wis. 2d 97, 255 N.W.2d 449 (1977); it is not at all clear that the plaintiffs are aided by the opposing authority on the facts of the instant case. For example, even *Althouse,* supra, on which the plaintiffs rely, would not authorize the issuance of mandamus so as to permit city electors to exercise any greater legislative power than that conferred upon the common council by statute or by the state constitution.

Mandamus is an extraordinary remedy. It is designed to enforce a plain positive duty. The writ will issue only when the person against whom it is directed is under a clear legal obligation to perform the act compelled and the party seeking the writ has a clear legal right to the performance. *Kosinski* v. *Lawlor,* 177 Conn. 420, 426, 418 A.2d 66 (1979). The issuance of the writ rests in the sound discretion of the court. *Pape* v. *McKinney,* 170 Conn. 588, 595, 368 A.2d 28 (1976). In the exercise of this discretion the court may decline to issue the writ to compel a technical compliance with the letter of the law; *State ex rel. Shelton* v. *Edwards,* 109 Conn. 249, 253, 146 A. 382 (1929); or to enforce a mere abstract right; *Pape* v. *McKinney,* supra, 596; or to accomplish a result which is not authorized by law. *Cummings* v. *Looney,* 89 Conn. 557, 561, 95 A. 19 (1915); *Peck* v. *Booth,* 42 Conn. 271, 274 (1875). Although courts should not examine direct action legislation so critically as to frustrate the exercise of the franchise, nevertheless, if the proposed legislation clearly exceeds the legislative power of the electorate it is entirely appropriate for the court, in a proper case, to withhold the judicial command. In this case the duly elected representatives of the town having refused to place the initiative proposal before the electorate on the ground that it violated the town charter it was entirely proper for the trial court to determine whether the proposed ordinance constituted a proper exercise of the initiative.

## II

The proposed ordinance[4] restrains the town council from adopting a budget "for each of the next two (2)

---

[4] The proposed ordinance reads as follows: "Be it ordained by the Town Council of West Hartford that the Town Council of West Hartford will not adopt a budget which will require an increase in the dollar amount of property taxes levied and collected by the Town of West Hartford for each of the next two (2) fiscal years over the dollar amount of said taxes levied

fiscal years" which would require an increase in the dollar amount of property taxes "levied and collected by the Town of West Hartford" over the dollar amount of such taxes levied by the town for the 1980–81 fiscal year. The plaintiffs argue that since under the initiative provisions of the charter (chapter XI, §§ 1, 2 and 3) the electors have the power to propose any ordinances and

by said Town for the fiscal year 1980–1981, subject to the following exceptions only:

"1. In the event that a bonded debt and its associated debt service, or another public obligation, shall increase such obligations over the total of such obligations in the fiscal year 1980–1981, either such increase resulting from a public referendum, the taxes levied may be increased by the excess of such budget obligations over the total of such obligations for the fiscal year 1980–1981.

"2. In the event that only the following Federal and State revenue accounts, or any one or more of them, shall decrease from its or their 1980–1981 fiscal year level, then the dollar amount of such reduction may be added to the amount otherwise collected by taxation of property pursuant to this ordinance, PROVIDED NEVERTHELESS, that said additional amount of taxes raised, as to each account, may be used ONLY for the furthering of the activities of said account, respectively, and if not so used in the fiscal year for which raised, said funds shall not be used for any other purpose and shall instead be computed into, and as part of, the next fiscal year's amount of dollars raised by property taxes.

REVENUE ACCOUNT
Federal:
  HUD Section 8
State of Connecticut:
  Equalization Grant
  Elementary School Transportation
  Education of Exceptional Children
  Private School Health Service
  General Assistance — General Related Expenses
  General Assistance — Individual Aid
  Dial-A-Ride Reimbursement

"3. The Budget may require additional amounts of property taxes to be levied and raised by applying to the assessed value of real and personal property newly added to the grand list, including new construction and renovations, in each such tax year, net of deletions from such grand list, but excluding any increase attributable to revaluation or the phase-in thereof, the mill rate ascertained by applying other sections of this Ordinance."

since ordinances pertaining to the budget are not specifically excepted, the ordinance proposed in this case constitutes a valid exercise by the electorate of the power of the initiative. The defendants argue to the contrary that the budgetary provisions of the charter spell out the role of the manager, the town council and the electorate in the budgetary process, and that the initiative would bypass the usual budgetary procedures and therefore runs counter to the charter.

The town charter, whether adopted by special act of the General Assembly or, as in this case, under the Home Rule Act; General Statutes § 7-188; constitutes the organic law of the municipality. *Caulfield v. Noble,* 178 Conn. 81, 86, 420 A.2d 1160 (1979); *Bredice v. Norwalk,* 152 Conn. 287, 292, 206 A.2d 433 (1964). "It is well established that a [town's] charter is the fountainhead of municipal powers. *State ex rel. Raslavsky v. Bonvouloir,* 167 Conn. 357, 362, 355 A.2d 275 (1974). The charter serves as an enabling act, both creating power and prescribing the form in which it must be exercised. *Food, Beverage & Express Drivers Local Union v. Shelton,* 147 Conn. 401, 405, 161 A.2d 587 (1960); *Thomson v. New Haven,* 100 Conn. 604, 606, 124 A. 247 (1924); *State ex rel. Southey v. Lashar,* 71 Conn. 540, 545–46, 42 A. 636 (1899)." *Perretta v. New Britain,* 185 Conn. 88, 92, 440 A.2d 823 (1981).

The budgetary provisions are set forth in chapter VII of the charter. Town budgets are prepared and adopted annually. The manager is required to submit to the council a proposed budget containing his itemized estimates of revenues and expenditures and the reasons for his recommendations. Charter, Town of West Hartford, chapter VII, § 3. The superintendent of schools is required to submit a similar budget for the school department. Charter, Town of West Hartford, chapter

VII, § 2. Upon receipt of the several documents the council is obligated to schedule and hold two or more public hearings on the budget. Charter, Town of West Hartford, chapter VII, § 4. Thereafter the council must adopt a budget and fix a tax rate within a certain time period, failing which the proposed budgets of the manager and the superintendent of schools are deemed to have been adopted by the council. The budget ordinance is subject to repeal by referendum. Charter, Town of West Hartford, chapter VII, § 11. If the budget is repealed the council must adopt a substitute budget which is also subject to repeal by referendum. If the substitute budget is repealed the council must adopt a second substitute budget which is not subject to further referendum.

Chapter XI of the charter covers both the initiative and the referendum. Section 1 authorizes the electors to propose to the council "any ordinance or other measure, *in accordance with this chapter.*" (Emphasis added.) Section 4[5] authorizes the electors, by referen-

---

[5] Chapter XI, § 4 of the West Hartford charter provides:

"SECTION 4. REFERENDUM, POWER AND SCOPE. The electors shall have the power to approve or reject at a referendum as herein provided any ordinance or other measure passed by the council except the following:

"(a) An ordinance or resolution appointing or removing officials, specifying the compensation or hours of work of officials or employees, or relating to the council's action and authority when the council is acting in its capacity as the zoning authority of the town;

"(b) An ordinance authorizing the issuance of bonds or notes which ordinance shall be subject to referendum only in accordance with chapter VII, section 8 of this charter;

"(c) The budget ordinance, or substitute budget ordinance, which ordinances shall be subject to referendum only in accordance with chapter VII, section 11 of this charter;

"(d) The resolution establishing the tax rate, which resolution shall not be subject to referendum;

"(e) Any other matter arising out of proceedings undertaken pursuant to chapter VII, section 11 of this charter, which matters shall not be subject to referendum. Ordinances or other measures submitted to the council by initiative petition as provided in section 1 of this chapter and passed by

dum, to approve or reject any ordinance or other measure adopted by the council. Under subsection (b) bond ordinances are made subject to referendum only in accordance with the provisions of chapter VII, § 8,[6] under subsection (c) budget ordinances are made subject to referendum only in accordance with chapter VII, § 11, and under subsections (d) and (e) resolutions establishing the tax rate and any other matter arising out of proceedings undertaken pursuant to chapter VII, § 11 are not subject to referendum. Subsection (e) also provides that "[o]rdinances or other measures submitted to the council by initiative petition as provided in section 1 of this chapter and passed by the council with or without change shall be subject to a referendum in the same manner as other ordinances or measures."

It is clear from the foregoing that the charter gives the electors the power to act on the budget only after the fact. They possess no power to bypass the council on budgetary matters. They may repeal the budget and the substitute budget but thereafter their power to repeal is exhausted. The electors possess no power to adopt the budget; a favorable vote on the budget ordinance signifies only that repeal has not succeeded. Under chapter VII, § 4, failure of the council to approve a budget within the time specified by the charter results in the budget as proposed by the town manager and the board of education becoming the town budget by operation of law.

---

the council with or without change shall be subject to a referendum in the same manner as other ordinances or measures. (Amend. of 11-6-79)

"EFFECTIVE DATE: These amendments shall be effective on January 1, 1980, and the first budget they affect shall be the budget for the 1980–81 fiscal year."

[6] Chapter VII, § 8 of the West Hartford charter provides that any ordinance authorizing the issuance of bonds or notes in the principal amount in excess of $250,000 shall be subject to referendum in accordance with this section.

The plan of the charter on budget matters is clear. It spells out the role of the several town officials and town bodies as well as the role of the electors. Our construction of the initiative provisions is in complete harmony with that plan. The plaintiffs' contention, on the other hand, that the initiative petition may be utilized to propose ordinances affecting the budget is inconsistent with the plan. It would permit electors at any time to propose a budget, or portions thereof, and then if the council failed to act on the proposal within the specified time frame approve the proposal at an initiative election, thus excluding the town manager, the superintendent of schools, the board of education and the town council from participation in the budgetary process. A construction that extreme is not required. The plaintiffs seize on the phrase "any ordinance" as a basis for their claim that the initiative includes all matters not specifically excepted in chapter XI, § 1. While the word "any" is frequently used in the comprehensive sense suggested by the plaintiffs; *New York, N.H. & H. R. Co.* v. *Stevens*, 81 Conn. 16, 21, 69 A. 1052 (1908); that is not its only use. "The word 'any' has a diversity of meanings and may be employed to indicate 'all' or 'every' as well as 'some' or 'one.' 3A Words & Phrases (Perm. Ed.). Its meaning in a given statute depends upon the context and subject matter of the statute." *Muller* v. *Town Plan & Zoning Commission*, 145 Conn. 325, 328, 142 A.2d 524 (1958). As used in the initiative provisions of the charter "any ordinance" is not to be construed to include budget ordinances.

The specific and detailed charter provisions regarding budget ordinances, including those sections imposing constraints on budget referenda,[7] demonstrate the

---

[7] The provisions of chapter VII, § 11 of the West Hartford charter which limit referenda on the budget to the initial budget resolution and the substitute budget resolution were adopted, as amendments to the charter, November 6, 1979. Charter, Town of West Hartford.

746

special and distinct nature of the budget process. See *Arminio* v. *Butler,* 183 Conn. 211, 219, 440 A.2d 757 (1981). The initiative provisions, on the other hand, are general in nature and appear to be in conflict with the budget provisions. Although in cases of apparent conflict between two provisions we should so construe them as to make both effective; id., 218; we are also mindful of the rule, which is particularly appropriate here, that " '[w]here the general provisions of a charter are followed by particular provisions, the general provisions are limited and restricted by the particular provisions.' 2 McQuillin, [Municipal Corporations (3d Ed. Rev.) § 9.22, p. 685]." Id., 219. Thus, in order to maintain the effectiveness of the charter limitations on budget referenda and of the specific provisions applying to the adoption of the budget ordinance we hold that the initiative provisions may not be used to initiate budget-related ordinances.

There is no error.

In this opinion the other judges concurred.