[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding arises out of Motions for Summary Judgment seeking to determine the intent of certain portions of the Town of Enfield's Town Charter.
The following factual picture is developed from a review of the documents filed with the Motions for Summary Judgment on November 20, 1991. The plaintiff Enfield Taxpayers Association, Inc. ("Association") submitted a petition to the Enfield Town Council ("Council") proposing the following ordinance. "That the budget of the Town of Enfield for the fiscal year ending June 30, 1991, is rejected." Thereafter Enfield's Town Attorney rendered an opinion that the proposed petition and ordinance were illegal in that is was an attempt to use the initiative referendum process of the Town Charter to determine tax matters.
The sections of the Town Charter cited by the Town Council was Chapter III, Sec. 7, which reads as follows: "The electors shall have the power to propose to the council any ordinance or other measure, except an ordinance or resolution CT Page 4085 appointing or removing officials, specifying the compensation or hours of work of officials and employees, appropriating money, authorizing the levy of taxes, or fixing the tax rate." Based upon the opinion, the Council refused to accept the petition and proposed ordinance. Since that time no action has been taken either by the Council or the electors of Enfield on the proposed ordinance.
The present action was instituted by the association claiming that, the Council's rejection of the Association's petition and proposed ordinance violates its rights to a "Power of Initiative" as set forth in Chapter III, Sec. 7 of the Charter.
The Association has filed a Motion for Summary Judgment claiming that Chapter III, Sec. 7 of the Charter authorizes electors to propose an ordinance which rejects the Town budget. The Council has filed a Motion for Summary Judgment asserting that Chapter III, Sec. 7 of the Charter does not authorize electors to propose an ordinance rejecting the Town budget.
Summary judgment is proper when the moving parties establish absence of any genuine issue of material fact and entitlement to judgment as a matter of law. Practice Book Sec. 384. Fogarty v. Rashow, 193 Conn. 442, 445 (1984). The court considers affidavits, pleadings, and other proof in determining entitlement to summary judgment. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 316-17 (1984). Certainly the instant litigation is a proper subject for summary judgment:
 "The town charter, whether adopted by special act of the General Assembly or, as in this case, under the Home Rule Act; General Statutes sec. 7-188; constitutes the organic law of the municipality. Caulfield v. Noble, 178 Conn. 81, 86, 420 A.2d 1160
(1979); Bredice v. Norwalk, 152 Conn. 287, 292, 206 A.2d 433 (1964). `It is well established that a [town's] charter is the fountainhead of municipal powers. State ex rel. Raslavsky v. Bonvouloir, 167 Conn. 357, 362, 355 A.2d 275 (1974). The charter serves as an enabling act, both creating power and prescribing the form in which it must be exercised. Food, Beverage Express Drivers Local Union v. Shelton, 147 Conn. 402, 405, 161 A.2d 587 (1960); Thomson v. New Haven, 100 Conn. 604, 606, 124 A. 247
(1924); State ex rel. Southey v. Lashar, 71 Conn. 540, CT Page 4086 545-46, 42 A. 636 (1899).' Perretta v. New Britain, 185 Conn. 88, 92, 440 A.2d 823 (1981)."
West Hartford Taxpayers Assn., Inc. v. Streeter, 190 Conn. 736,742 (1983).
The budgetary provisions are set forth in Chapter VI — Finance and Taxation of the Enfield Town Charter. The chapter sets forth a very detailed, comprehensive process for adopting a budget and setting a tax rate. It sets forth the duties of the town manager, the budgetary duties, the adoption of a budget, and the setting of the tax rate by the Council. There is nothing in this chapter which authorizes electors to bring initiative petitions and ordinances concerning issues involved in the budget making process and the setting of a tax rate. There is nothing in this chapter which would authorize the electors to file the petition and ordinance that is the subject of this particular litigation. There is no provision in the Charter that specifically states that a referendum may be held to repeal a budget and tax rate that has been set by the Council. There is nothing specifically set forth in Chapter III, Sec. 7 which would authorize a referendum on the instant proposed ordinance.
"The initiative provisions, on the other hand, are general in nature and appear to be in conflict with the budget provisions. Although in cases of apparent conflict between two provisions we should so construe them as to make both effective; id., 218; we are also mindful of the rule, which is particularly appropriate here, that `[w]here the general provisions of a charter are followed by particular provisions, the general provisions are limited and restricted by the particular provisions.' 2 McQuillin, [Municipal Corporations (3d Ed. Rev.) Sec. 9.22, p. 685]." Arminia v. Butler, 183 Conn. 211, 219,440 A.2d 757 (1981); Town of West Hartford Taxpayers Assn., Inc. v. Streeter, supra, 746. To read into this section of the Charter the ability to initiate ordinances concerning budgetary and tax rate matters would be inconsistent with the detailed plan set forth in the Charter as to the approval of said matters. "Thus, in order to maintain the effectiveness of the charter limitations on budget referenda and of the specific provisions applying to the adopting of a budget ordinance, we hold that the initiative provisions may not be used to initiate budget related ordinances." West Hartford Taxpayers Assoc., Inc. v. Streeter, supra, 746. It would have been a simple matter to have included in the charter an initiative petition as it pertains to the instant situation had the proponents of the Charter so desired. It would not be consistent with the rules of statutory construction to read into a Charter the right to initiate a CT Page 4087 petition and ordinance as has been suggested by the Association in this case. The court concludes that Chapter III, Sec. 7 of the Enfield Town Charter does not authorize the electorate to have a referendum on the repeal of a budget that has been adopted by the Council.
Accordingly, the Association's Motion for Summary Judgment is denied and the Town of Enfield's Motion for Summary Judgment is granted.
JOHN M. BYRNE JUDGE, SUPERIOR COURT