[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The sole issue presented in this hearing is whether the minority representation provision in the Ridgefield Town Charter superseded Ridgefield's minority representation ordinance.
On November 11, 1997, the plaintiff, George Kain, filed a one count complaint brought under General Statutes § 9-328
against the defendant, Barbara Serfilippi, the town clerk for the town of Ridgefield. The plaintiff requests that the court, under its statutory and common law authority, notify the Secretary of State that an error was made, declare the plaintiff the winner of the election and issue a Writ of Mandamus to the defendant directing her to deliver the appurtenances of said municipal office to the plaintiff. On November 21, 1997, a hearing was commenced and concluded on November 28, 1997.
The plaintiff alleges the following facts in his complaint. On November 4, 1997, the plaintiff was a candidate for the Board of Police Commissioners, nominated by the Ridgefield Democratic Party and the Ridgefield Independent Party. On November 4, three of five seats on the Board of Police Commissioners were up for election. The two seats not up for election were held by one Republican and one Democrat. On November 5, 1997, the defendant "certified" that in the November, 4, 1997 municipal election all three seats were filled by Republicans, all three having received more votes than the plaintiff. If the certification and seating of those candidates is allowed to stand, the Board of Commissioners will be comprised of four Republicans and one Democrat.
The plaintiff alleges that Article II, § 11-19 of Ridgefield's Code of Ordinances prohibits the seating of four members of one political party on a five member board.[1]
Therefore, the plaintiff, as the recipient of the most votes among non-Republicans, should have received a seat on the Board of Commissioners.
In response, the defendant asserts that Article IV, § 4-6
of the Ridgefield Town Charter has superseded § 11-19 of the Ridgefield Code of Ordinances, and further, that the charter allows four members of the Board to be members from the same political party. CT Page 13830
If the Ridgefield Town Charter provision regarding minority representation supersedes the minority provision in the Ridgefield Code of Ordinances, the defendant's seating of four Republicans on the Board of Commissioners was proper. "The town charter [when] adopted by special act of the General Assembly . . . constitutes the organic law of the municipality . . . . It is well established that a [town's] charter is the fountainhead of municipal powers . . . ." (Citations omitted; internal quotation marks omitted.) WestHartford Taxpayers Assn., Inc. v. Streeter, 190 Conn. 736, 742,642 A.2d 379 (1983). Further, "the charter, like the constitution, is a fundamental grant of authority of greater weight and dignity than the lesser ordinance or regulation adopted under its authority." Quoka v. Drapko, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 036714 (March 18, 1992, Flynn, J.).
Section 4-6 of the Ridgefield Town Charter[2] provides, in pertinent part: "Minority representation on any elective board or commission shall be determined in accordance with the provisions of the General Statutes, unless otherwise specified in this charter." (Plaintiff's Exhibit 2.) Section 4-6 further states: "The maximum number of any such board or commission who may be members of the same political party shall be as specified in the following table . . . ." (Plaintiff's Exhibit 2.) The table provides that four members of a board may be members of the same political party. Section 11-19 of Ridgefield's Code of Ordinances provides: "At no time shall more than a majority of the police commissioners be members of the same political party." Thus, the ordinance provides for greater minority representation on the Police Board of Commissions than does the charter. If this section of the ordinance is inconsistent with § 4-6 of the charter then pursuant to Article XII, § 12-2 and Article I, § 1-1, the ordinance is null and void. Section 12-2 provides the following: "All laws applicable to the town, all enabling legislation adopted by the town, and all ordinances of the town shall continue in full force and effect, except as they are inconsistent with the provisions of the charter." Section 1-1 of the charter provides, in pertinent part: "Any Special Acts or ordinances or portions thereof inconsistent with the Charter shall have no further force or effect after the effective date of this Charter."
In a case similar to the present case, also dealing with CT Page 13831 statutory construction, the Connecticut Supreme Court held that a special act requiring greater minority representation than the town's charter required was not inconsistent with the charter.Putala v. Depaolo, 225 Conn. 378, 623 A.2d 989 (1993). In Putala, the town of Southington in its charter specified that minority representation shall be according to General Statutes § 9-167,[3] as does the Ridgefield Town Charter. However, there is a decisive difference between the facts in Putala and the facts in the present case. In Putala, the town followed the minority representation provisions in a special act, the town did not follow the charter. In the present case, Ridgefield followed the minority representation provisions of the charter, not the ordinance. "[T]he interpretation of provisions of a city charter by the city council or other town authorities has been given considerable weight by courts construing and applying such provisions." Putala v. Depaolo, supra, 225 Conn. 388; see alsoBurwell v. Board of Selectmen, 178 Conn. 509, 518, 423 A.2d 156
(1979); Pepe v. New Britain, 203 Conn. 281, 291, 524 A.2d 629
(1987). In Ridgefield, the first election after the adoption of § 4-6 of the charter, the composition of the Police Commission became four Republicans and one Democrat, as it did the following two years (1983-1985). Furthermore, the defendant, the current town clerk, testified that she has always followed the minority representation section of the town charter, not the ordinances. At the hearing, no rebuttal evidence was presented to show that Ridgefield followed the code of ordinances or anything other than the charter, concerning minority representation. "[A] radical departure from [a] long established policy [of following the town charter] will not be inferred without a clear indication that such a result was intended." Putala v. Depaola, supra,225 Conn. 388; see also Nor'easter Group. Inc. v. Colossale ConcreteInc., 207 Conn. 468, 481, 542 A.2d 692 (1988).
Since great deference is given to a town's interpretation of their charter, the court concludes that it was proper for the defendant to seat four Republicans on the Ridgefield Police Commission.
Plaintiff's application for relief is denied.
Mihalakos, J.