LINDA PALERMO *v.* PATRICIA ULATOWSKI ET AL.
(AC 26065)

Bishop, DiPentima and Lavine, Js.

Argued May 31—officially released September 12, 2006

*Linda Palermo*, pro se, the appellant (plaintiff).

*Timothy A. Bishop*, with whom, on the brief, was *Kristen L. Jacob*, for the appellees (defendants).

*Opinion*

BISHOP, J. This case demonstrates the tension between the traditional and time-honored power of the people to legislate through referendum and the mandate requiring elected representatives to discharge their duties in accordance with the law. In this matter, the plaintiff, Linda Palermo, appeals from the judgment of the trial court rendered in favor of the defendants.[1] On appeal, the plaintiff claims that the court improperly rejected her claim seeking to enjoin the town of Stratford from implementing the town budget for the fiscal year 2004–2005. We affirm the judgment of the trial court.

The following facts and procedural history, as set forth by the court in its memorandum of decision, are relevant to the plaintiff's appeal. On March 26, 1991, a referendum was held in the town of Stratford. As a result of that referendum, Stratford Town Ordinance § 14-29[2] was adopted, effective March 27, 1991. The operative effect of § 14-29 was to establish a 2 percent budget cap over the preceding year's budget.

---

[1] The defendants are Patricia Ulatowski in her official capacity as town clerk for the town of Stratford and eleven others, each of whom is a member of the Stratford town council, including its chairman, Joseph Crudo.

[2] Section 14-29 of the town of Stratford charter provides in relevant part that "[t]he rate of tax increase for the Town of Stratford shall be limited as follows: A. During any fiscal year, the increase in the amount of taxes levied shall not exceed the following: a two-percent spending increase based on the amount of the budgeted expenditures for the last fiscal year."

The plaintiff commenced this action to compel the town, acting through its town council, to adhere to the budget cap established by the ordinance. In her verified complaint, the plaintiff alleged that despite the adoption of § 14-29, the fiscal budget for the year 2004-2005, which had been passed on May 17, 2004, was a 6.053 percent increase over the previous year's budget. The plaintiff sought an order from the court enjoining the town from implementing the budget for the fiscal year 2004–2005. Specifically, the plaintiff sought to have the budget immediately held in abeyance in violation of § 14-29 of the town charter. The plaintiff also sought reimbursement of all out-of-pocket expenses she incurred by bringing this action. The defendants filed an answer and a special defense alleging that § 14-29 is invalid and unenforceable. Subsequently, after the issues were briefed, the court issued its opinion agreeing with the defendants.

In its memorandum of decision filed December 13, 2005, the court found, inter alia, that (1) the provisions of § 14-29, as they relate to the 2 percent budget cap, are invalid in that they exceed the legislative power of the electorate, and (2) § 14-29 is void for vagueness as written because it is both factually and legally impossible to follow the direction of its provisions. Accordingly, the court denied the plaintiff's petition for injunctive relief. This appeal followed.

The plaintiff's sole claim on appeal is that the court improperly determined that § 14-29 was invalid and consequently denied her request to enjoin the defendants from implementing the budget for the fiscal year 2004-2005. In support of her claim, the plaintiff argues that § 14-29 is a valid ordinance and accordingly should be adhered to by town officials when formulating and implementing the budget for the upcoming year. We are not persuaded.

One of "[t]he governing principles for our standard of review as it pertains to a trial court's discretion to grant or deny a request for an injunction [is that] [a] prayer for injunctive relief is addressed to the sound discretion of the court and the court's ruling can be reviewed only for the purpose of determining whether the decision was based on an erroneous statement of law or an abuse of discretion. . . . Therefore, unless the trial court has abused its discretion, or failed to exercise its discretion . . . the trial court's decision must stand." (Citations omitted; internal quotation marks omitted.) *Pequonnock Yacht Club, Inc.* v. *Bridgeport*, 259 Conn. 592, 598, 790 A.2d 1178 (2002). "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *O'Connor* v. *Board of Education*, 90 Conn. App. 59, 63–64, 877 A.2d 860, cert. denied, 275 Conn. 912, 882 A.2d 675 (2005).

"[A] town charter, whether adopted by special act of the General Assembly or . . . under the Home Rule Act; General Statutes § 7-188; constitutes the organic law of the municipality. . . . It is well established that a [town's] charter is the fountainhead of municipal powers. . . . The charter serves as an enabling act, both creating power and prescribing the form in which it must be exercised." (Citations omitted; internal quotation marks omitted.) *West Hartford Taxpayers Assn., Inc.* v. *Streeter*, 190 Conn. 736, 742, 462 A.2d 379 (1983).

"[A] charter bears the same general relation to the ordinances of the city that the constitution of the state bears to the statutes." 5 E. McQuillin, Municipal Corporations (3d Ed. Rev. 2004) § 15.17. "An ordinance is a legislative enactment of a municipality. . . . It designates a local law of a municipal corporation, duly

enacted by the proper authorities, prescribing general, uniform, and permanent rules of conduct relating to the corporate affairs of the municipality." (Citation omitted; internal quotation marks omitted.) *Blue Sky Bar, Inc.* v. *Stratford*, 203 Conn. 14, 19 n.7, 523 A.2d 467 (1987); see also 5 E. McQuillin, supra, § 15.1.

Accordingly, when considering the validity of ordinances, one must also consider the principles that "[n]either the municipal legislative body nor the mayor may disregard charter mandates or procedures at any time, nor do past variations and looseness, be they occasional or frequent, lend an aura of respectability or legality to any other mode of practice. The proposition is self-evident, therefore, that an ordinance must conform to, be subordinate to, not conflict with, and not exceed the charter . . . . Ordinances must not only conform with the express terms of the charter, but they must not conflict in any degree with its object or with the purpose for which the local corporation is organized. . . . Consequently, an ordinance violative of or not in compliance with the city charter is void." 5 E. McQuillin, supra, § 15.17; see *West Hartford Taxpayers Assn., Inc.* v. *Streeter*, supra, 190 Conn. 736. Therefore, an examination of the relevant provisions of the town charter is critical to the resolution of this matter.

Section 8.3.1 of the Stratford town charter provides: "The electors shall have the power at their option to approve or reject at the polls, any measure, resolution, order or vote passed by the council or submitted by the council to a vote of the electors, *excepting* measures levying a tax for or appropriating money to defray the general expenses of the town government or any existing department thereof . . . . Such powers shall be known as the referendum, which power shall be invoked and exercised as herein provided. . . . All measures, save those hereinabove specifically excepted

. . . shall be subject to the referendum in the same manner as other measures." (Emphasis added.)

In the present case, both the plaintiff and the defendants refer to and rely on the provisions of the town charter to support their arguments concerning the validity of § 14-29. The plaintiff refers to the initial and general language of § 8.3.1 to bolster her argument that § 14-29 constitutes a valid exercise of the electorate's power of referendum. On the other hand, although the defendants concede that the electors have been granted express powers of referendum by special act of the legislature, they claim, that such power is subject to explicit limitation. The defendants refer to the specific language of § 8.3.1 and argue that §14-29 is invalid in that it purports to control the budgetmaking process, which directly conflicts with the town charter provisions of § 8.3.1.

On the basis of our review of the court's memorandum of decision and § 8.3.1 of the town charter, we conclude that the court did not abuse its discretion in denying the plaintiff's request for an injunction. The provisions of § 8.3.1 expressly state the roles of town officials and the electorate as they relate to the town's legislative processes. The powers given to the electorate pursuant to § 8.3.1 explicitly exclude the power of referendum concerning budgetary matters. Therefore, the court correctly ruled that § 14-29 is invalid, as a matter of law, because when the electorate adopted § 14-29 by way of referendum, it exceeded the powers expressly granted to it in the town charter.

Moreover, the town charter contains other specific budgetary provisions that require the town council to pass an annual appropriation ordinance, which must be based on the budget submitted by the town manager.[3]

---

[3] Section 6.2.1 of the town of Stratford charter provides in relevant part: "Not later than three months before the end of each fiscal year, the town manager shall prepare and submit to the council an annual budget for the ensuing fiscal year . . . ."

As properly noted by the court, if the electorate could use the initiative and referendum process to initiate its own budget related ordinances, it would render the other methods and procedures concerning the budget and mandated by the charter completely ineffective. Accordingly, the court did not abuse its discretion in declaring the ordinance invalid and denying the plaintiff's request for an injunction.

The judgment is affirmed.

In this opinion the other judges concurred.

Section 6.2.2 of the town of Stratford charter provides in relevant part: "The council shall annually pass an appropriation ordinance . . . based upon a budget submitted by the town manager. The appropriations made in such ordinance and the budget submitted by the town manager shall provide for the full fiscal year of the town."