NICHOLAS J. BREDICE ET AL. *v.* CITY OF NORWALK ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued November 3—decided December 23, 1964

*Daniel E. Reed, Jr.,* with whom was *Jack Waltuch,* for the appellants (plaintiffs).

*Sidney Vogel,* with whom was *Richard Khachian,* for the appellees (defendants).

*Edward J. Zamm,* deputy corporation counsel, appeared for the appellee (defendant city).

ALCORN, J. This is a taxpayers' action asserting that an ordinance adopted by the common council of the city of Norwalk purporting to establish a law department for the city is illegal and void because the common council lacked the power to enact it. The plaintiffs seek a declaratory judgment to that effect, together with injunctive relief designed to prevent the exercise of any powers or the pay-

ment of any city moneys under the authority of the ordinance. The ordinance is quoted in the footnote.[1] The court concluded that the plaintiffs have a legal right to maintain the action, that the validity

[1]     "Ordinance Establishing a Law Department for the
                  City of Norwalk, Connecticut

"Be It Ordained by the Common Council of the City of Norwalk, Connecticut, Assembled:

"Pursuant to the authority granted to said Common Council of the City of Norwalk, Connecticut, there shall be established, organized and appointed for such City, a Law Department created for the purposes as stated herein and having delegated to it the powers, duties and responsibilities as herein set forth.

"Section 1.     Law Department Created.     There is hereby established an Executive Department of the Government of this City which shall be known as the Law Department of the City of Norwalk and which shall embrace the Corporation Counsel, the Deputy Corporation Counsel and such Assistant Corporation Counsels as may be required to carry out the provisions and intent of this Ordinance.

"Section 2.     Corporation Counsel, Appointment and Duties.     The Mayor shall appoint a Corporation Counsel, pursuant to Section 212, Norwalk City Charter, for the term of two (2) years, who shall hold office until his successor is appointed and qualified, unless removed for cause, as provided in said Section.

"A.     The Corporation Counsel shall be an attorney of at least five (5) years practice and shall be the head of the Law Department. He shall receive only such compensation as the Council may provide by Ordinance, which compensation shall be not less than Two Thousand Five Hundred ($2,500.00) Dollars annually, and shall be the legal advisor to the Common Council, the Chief Executive Officer of the City, and all other departments and shall, upon request, furnish said departments with written opinions on any questions of law involving their respective powers and duties.     He shall attend in person all meetings of the Common Council and shall perform such other legal duties as the Chief Executive Officer and/or the Common Council may prescribe.

"Section 3.     Deputy Corporation Counsel, Appointment, Duties, Tenure and Qualifications.

"The Mayor shall appoint, subject to approval and confirmation by the Common Council, a Deputy Corporation Counsel who shall hold office until he resigns or is removed by the Mayor, with the approval of the Common Council, for malfeasance, nonfeasance or misfeasance in office, inability to perform his duties, or other just cause.     Said Deputy Corporation Counsel shall be an attorney of at

of the ordinance is a proper subject for a declaratory judgment, that an actual bona fide and substantial question is in dispute requiring settlement between the parties, and that all persons having an

least five (5) years practice before all the State of Connecticut and Federal courts of competent jurisdiction.

"A. It shall be the duty of the Deputy Corporation Counsel to attend to, and prosecute and defend as the case may be, all suits, matters or controversies to which the City of Norwalk is a party, or in which said City may be in any way interested, which are now pending or which shall hereinafter be commenced in any court or tribunal of the State of Connecticut and Federal jurisdiction. He shall have the power, with approval of the Chief Executive Officer of the City, to appeal from orders, decisions or judgments in such cases, and with the approval of the Common Council acting as a Committee of the whole, compromise and settle any claims by or against the City. He shall prepare or approve all forms of contracts or other instruments to which the City is a party or in which it has an interest. He shall be generally considered to be the permanent legal officer for the City of Norwalk and will be required to perform those other legal duties which may be prescribed by the Mayor, Common Council, and/or any of the departments, officers, boards, commission, or agencies of said City of Norwalk, not otherwise delegated to the Corporation Counsel, and shall disassociate himself from private legal practice. He shall receive only such compensation as the Common Council may provide by Ordinance. (Which compensation shall not be less than Sixteen Thousand ($16,000.00) Dollars annually.)

"Section 4. Assistant Corporation Counsels. The Deputy Corporation Counsel shall recommend and the Mayor shall appoint, subject to the Common Council approval and confirmation, one (1) Assistant Corporation Counsel to assist the Corporation Counsel and the Deputy Corporation Counsel for the term of one (1) year or is [sic] removed by the Mayor, with the approval of the Common Council, for malfeasance, non-feasance, misfeasance in office, inability to perform his duties, or other just cause, in the handling of the legal affairs involving the City of Norwalk. Such Assistant Corporation Counsel to properly effectuate the intents and purposes of this Ordinance. The Assistant Corporation Counsel or Counsels shall receive only such compensation as the Common Council may provide by Ordinance, and which compensation shall be not less than Seven Thousand ($7,000.00) Dollars annually.

"Section 5. Effective Date. The effective date of this Ordinance shall be September 1, 1963, on which date said Law Department shall come into being."

interest are parties to the action or have reasonable notice thereof, and these conclusions are not attacked. The court further concluded, however, that the Norwalk charter empowered the common council to enact the ordinance, and rendered judgment for the defendants. The plaintiffs have appealed from the judgment; their assignments of error may be condensed into the single issue whether the common council acted in excess of its powers.

It is conceded that the city of Norwalk exists by virtue of special act of the General Assembly. 16 Spec. Laws 1038, No. 352, as amended. The charter provides that "[o]n the Wednesday following their election the council shall appoint a city clerk, a city engineer, a street commissioner, and a milk inspector, and the mayor of the city on the same day shall appoint a corporation counsel . . . for the term of two years, each of whom shall hold office until his successor is appointed and qualified, unless removed for cause." 16 Spec. Laws 1061, § 79. Amendments (21 Spec. Laws 295, No. 323; 22 Spec. Laws 225, No. 383; 24 Spec. Laws 587, No. 150; 25 Spec. Laws 297, No. 206) affecting the section do not concern the present issue. The charter further provides that "[t]he mayor of said city, when in his opinion it is necessary, may, with the consent of the council, employ attorneys, other than the corporation counsel, in matters affecting the interests of said city, and all services rendered to said city by such attorneys shall be paid for in the same manner as other claims against said city." 16 Spec. Laws 1058, § 65. Among the many purposes for which the common council is authorized by the charter to make and enforce ordinances, no mention is made of a corporation counsel, an assistant corporation counsel, a deputy corporation coun-

sel, a "law department" or any matter relating thereto. 16 Spec. Laws 1061, § 80 (as amended 18 Spec. Laws 909, § 3; 20 Spec. Laws 644, § 3). Nor is any such authority conferred by § 7-148 of the General Statutes. In § 81 of the charter (16 Spec. Laws 1064), it is provided that "[s]aid council shall have power to make, alter, repeal, and enforce any ordinance which it may deem conducive to the general health, peace, good order, welfare, and safety of the inhabitants of said city, and for the protection of the property therein".

The city of Norwalk, being a creature of the state, can exercise no powers except those which are expressly granted to it or are necessary to enable it to discharge the duties and carry into effect the objects and purposes of its creation. *Old Colony Gardens, Inc.* v. *Stamford,* 147 Conn. 60, 62, 156 A.2d 515; *Lacava* v. *Carfi,* 140 Conn. 517, 520, 101 A.2d 795; *Kelly* v. *Bridgeport,* 111 Conn. 667, 673, 151 A. 268; *State ex rel. Coe* v. *Fyler,* 48 Conn. 145, 158. "If the charter points out a particular way in which any act is to be done or in which an officer is to be elected, then, unless these forms are pursued in the doing of the act or in the electing of the officer, the act or the election is not lawful." *State ex rel. Southey* v. *Lashar,* 71 Conn. 540, 546, 42 A. 636. The power of the city to enact an ordinance depends primarily on whether the ordinance is in harmony and consistent with the power delegated to it by the state. It matters not that that power is defined by special act affecting a particular municipality rather than by a statute of general application to all municipalities. In either case, the action of the General Assembly has fixed the policy of the state, and the city, by its common council, cannot proceed contrary to it. See *Peterson* v. *Norwalk,* 150 Conn. 366, 382,

190 A.2d 33; *Teubner* v. *Waterbury,* 149 Conn. 524, 528, 182 A.2d 417. An attempt, by ordinance, to exercise a function authorized by the charter in a manner inconsistent with the provisions of the charter is ineffective and invalid. *Connelly* v. *Bridgeport,* 104 Conn. 238, 253, 132 A. 690.

The defendants seek to justify the attempted creation of the position of deputy corporation counsel by the assertion that the incumbent would be only an employee of the corporation counsel, who is still to be appointed in the manner provided by the charter. The argument is that the ordinance therefore does not create a new municipal office unmentioned in the charter. The claim is unsound. The accepted characteristics which differentiate a public office from a mere employment are (1) an authority conferred by law, (2) a fixed tenure of office, and (3) the power to exercise some portion of the sovereign functions of government. *Kelly* v. *Bridgeport,* supra, 671; *State ex rel. Neal* v. *Brethauer,* 83 Conn. 143, 146, 75 A. 705; *State ex rel. Stage* v. *Mackie,* 82 Conn. 398, 401, 74 A. 759. The office of deputy corporation counsel which the ordinance attempts to create meets every element of the test. If it were to be assumed that the common council acted within the power conferred upon it by the city charter, the office would be one created by law. Life tenure in the office is established, and the power to exercise portions of the sovereign functions of the government is clearly spelled out. The ordinance declares that the deputy corporation counsel be generally considered to be the permanent legal officer of the city and confers upon him broad powers, including the prosecution and defense of all suits and controversies in which the city is a party or is in any way interested, and designates

him to prepare and approve all forms of contracts or other instruments to which the city is a party or in which it has an interest.

The powers purported to be conferred on the deputy corporation counsel obviously invest him with elements of the sovereign power of the city government to be exercised by him for the public good. That he would be a public officer rather than an employee, notwithstanding the fact that the corporation counsel is declared to be the "head" of the law department, is clear. *Kelly* v. *Bridgeport,* supra; see cases such as *Sibley* v. *State,* 89 Conn. 682, 685, 96 A. 161; *McDonald* v. *New Haven,* 94 Conn. 403, 415, 109 A. 176.

The office of deputy corporation counsel, being a public office, could not be created by ordinance passed by the common council unless the authority to create it can be found to have been delegated by the state. *Tremp* v. *Patten,* 132 Conn. 120, 125, 42 A.2d 834; *State ex rel. Stage* v. *Mackie,* supra. The charter authorizes the mayor to appoint a corporation counsel for a two-year term, to hold office, unless removed for cause, until his successor is appointed and qualified. It further authorizes the mayor, when in his opinion it is necessary, to employ, with the common council's consent, attorneys other than the corporation counsel, in matters affecting city business, who are to be paid on the basis of bills rendered for the specific services. The state has thus defined the manner in which the city's legal affairs shall be handled. The situation then is not one in which the city is, by ordinance, purporting to exercise an express or implied power. Instead, it is purporting to act in direct conflict with the charter. Since the charter has designated the way in which Norwalk is to provide for its

necessary legal services, the ordinance must yield to it. See *State* v. *Gordon,* 143 Conn. 698, 706, 125 A.2d 477; *Shelton* v. *City of Shelton,* 111 Conn. 433, 438, 447, 150 A. 811; *Connelly* v. *Bridgeport,* supra, 253. It is not without significance that, in the paragraph of the charter which empowers the mayor to appoint a corporation counsel, the General Assembly has conferred on the council the power to appoint certain other city officers, but neither the council nor the mayor is authorized to appoint a deputy corporation counsel.

The defendants point to the section of the charter conferring in general terms the power to protect the public health, safety and welfare, and they seek to find in it the necessary implied power to create the office of deputy corporation counsel. The search is futile, however, since, as already indicated, the sovereign power has already defined the agency through which the city's legal affairs are to be handled. *Old Colony Gardens, Inc.* v. *Stamford,* 147 Conn. 60, 63, 156 A.2d 515.

We conclude that the provisions of the charter do not authorize, either expressly or by implication, the creation of a "law department" and the office of deputy corporation counsel embraced therein. It is unnecessary to discuss the provisions relative to assistant corporation counsel. While § 2 of the ordinance, standing alone, might be found to be unobjectionable, it is so interrelated to the scheme of the whole that it must fall with it.

There is error, the judgment is set aside and the case is remanded with direction to render judgment declaring the ordinance void and granting such injunctive relief as is found to be necessary and proper.

In this opinion the other judges concurred.