[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter arises on the Application of the Plaintiff Town of Newington ("Town") to vacate an arbitration award ("Award") in favor of the Defendant American Federation of State, County and Municipal Employees, AFL-CIO, Council 4, Local 2930 ("Union"). The Union had filed a grievance on behalf of one Sylvia Malloy with respect to her disqualification by the Town for the position of Senior and Disabled Center Driver, for which she had applied. The selection process consisted of three weighted parts, namely (1) Education, experience (30%); (2) competitive examination (written/practical/oral) (50%); and (3) Interview (20%). See underlying collective bargaining agreement, Article VII, Section 7.1(a). The Town disqualified Malloy for failure to obtain a requisite score on the oral part of the examination.
"The scope of review by the court of an arbitration award is limited." Hartford v. International Assn. of Firefighters, Local760, 49 Conn. App. 805, 811 (1998). "The parties themselves, by the agreement of submission, define the powers of the arbitrators." Id. If a submission to arbitration is unrestricted or voluntary, judicial review of legal and factual determinations by the arbitrators is precluded. Wilson v. Security InsuranceGroup, 199 Conn. 618, 626-27 (1988). Judicial review is limited to a determination of whether the award conforms to the submission. Bic Pen Corp. v. Local No. 134, 183 Conn. 579, 583-84
(1981).
Arbitration was required by the collective bargaining agreement. The submission was as follows:
 Did the Town of Newington violate the collective bargaining agreement when it disqualified and/or failed to promote Sylvia Malloy to the position of Senior and Disabled Center Driver on August 7, 1996?
If so, what shall be the remedy?
The submission was voluntary and unrestricted.
The Town seeks to vacate the award under General Statutes § 52-418(a)(4). This Section authorizes the court to vacate the award "(4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." Even in the case of an unrestricted submission, three grounds for CT Page 13910 vacating an award are recognized. These are that "(1) the award rules on the constitutionality of a statute; (2) the award violates clear public policy; or (3) the award contravenes one or more of the statutory proscriptions of § 52-418." (Citations omitted.) Garrity v. McCaskey, 223 Conn. 1, 6 (1992).
The Town asserts a number of grounds for vacating the award. These may be divided into two basic areas, namely that the award (1) improperly interprets Section 7.1(a) of the collective bargaining agreement, and (2) is violative of public policy. These will be reviewed in order.
It is the Town's position that it has the clear right to set requirements regarding the conduct and grading of promotional exams, specifically in this case to require an applicant to score over 70 points on each part of the examination. The Town asserts that this unqualified right is either clearly and unequivocally set forth in Section 7.1(a), or if not, incorporated therein by custom and practice. Therefore, according to the Town, the arbitrators exceeded or imperfectly executed their powers in ruling that the grade be based on the weighted average of the various parts of the exam. See Award, pages 4-5.
The problem with the Town's position is two-fold. First, Section 7.1(a) does not clearly and explicitly give the Town this unqualified right. Second, it is clear that the arbitrators considered both the unqualified right argument and the proffered prior custom and practice evidence, and rejected the same. Id. This is their prerogative.
The Town next asserts that the award violates public policy. "The public policy exception to arbitral authority should be narrowly construed." Hartford v. International Assn. ofFirefighters, Local 760, supra, 812. "[It] is limited to situations where the contract as interpreted would violate some explicit public policy that is well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests." Id., 813, quoting Watertown Police Union Local 541 v.Watertown, 210 Conn. 333, 340 (1989).
The Town first argues that the award violates the public policy established by General Statutes § 7-474(g) in providing municipal employers significant discretion over promotional testing procedures so as to avoid the potential harm CT Page 13911 to the public of promoting an unqualified candidate. Section 7-474(g) gives an applicable municipality extensive powers and discretion in this regard. However, § 7-474(g) by its express terms is limited to a "municipal civil service commission, personnel board, personnel agency or its agents established by statute, charter or special act to conduct and grade merit examinations." It is conceded that the Town does not have any such commission or board.
"A municipality, being a creature of the state, can exercise no powers except those which are expressly granted to it or are necessary to enable it to discharge the duties and carry into effect the objects and purposes of its creation." Middletown v. PGEnterprises Ltd. Partnership, 45 Conn. Sup. 435, 439 (1998),22 CONN. L. RPTR. 381 (1998), paraphrasing Bredice v. Norwalk,152 Conn. 287, 292 (1964). Had the legislature intended that the powers and discretion set forth in §7-474(g) apply universally to all municipalities whether or not they had the requisite commission or board, it would have done so. The Court cannot so legislate.
The Town next argues that the award violates "the public policy that demands the Town protect the health and safety of the public." Town's Reply Brief, dated November 6, 1998, page 3. For this somewhat amorphous proposition, the Town cites General Statutes § 7-148(c)(6)(H)(ix) and (xiii). These subsections provide a municipality general powers regarding health and safety. The thrust of this argument is that as the subject promotion is to a position involving driving senior and disabled persons, public policy demands that the Town be given wide discretion.
This argument was effectively disposed of by the arbitrators. Malloy had for some time been a Transportation Driver, the duties of which involved driving school children. There was testimony before the arbitrators that there were a few cases since 1992 where an applicant had been disqualified for failing a typing test or a driving test. In response, the arbitrators noted that in this matter, all of the applicants were "pre-screened to determine if qualifications are met prior to testing and interviewing." Award, page 5. The arbitrators then further state:
 The Town chose not to give a driving test. The Town apparently knew that the Transportation Drivers could capably drive the Senior Center vehicles since they did so on a regular basis.
CT Page 13912
Id. The logic of this finding cannot be faulted.
The award does not violate public policy.
The Application of the Plaintiff Town to vacate the award is denied.
David L. Fineberg Superior Court Judge