[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Yolanda Hutchinson, brings this action against the City of Danbury and the Housatonic Habitat for Humanity, Inc. in two counts.
She claims to have fallen on a portion of a public sidewalk located in front of 112 Elm Street, Danbury, on June 2, 1996, at approximately 12:30 a.m.
The complaint alleges that the portion of the sidewalk on which she fell was "broken, cracked, uneven, raised, of varying heights, and in a state of disrepair."
Count one alleges that the City of Danbury breached its statutory duty to maintain sidewalks in a reasonably safe condition.
Count two seeks to impose liability upon the defendant, Habitat for Humanity, Inc., as the owner of 112 Elm Street, the property abutting the area on the sidewalk where the plaintiff fell.
The plaintiff argues that Habitat for Humanity, Inc. is liable for the injuries she sustained based upon the provisions of § 7-7(b) of the Danbury Code:
 Every person, firm, corporation or partnership owning land fronting on any sidewalk within the City of Danbury shall be responsible for the maintenance and repair of said
CT Page 1381
 sidewalk. The superintendent of highways or his designee may issue an order to any such owner, requiring him to repair any sidewalk abutting his property within such period of time specified in said order. If the owner of any such property fails to comply with a proper order of the superintendent of highways or his designee, the superintendent of highways shall cause repairs as specified to be made at the expense of such owner . . .
The plaintiff contends that the provision of the Danbury Code imposes upon the owner of property abutting a public sidewalk, a duty to travelers using the sidewalk, and that the property owner may be held liable for a breach of that duty.
The defendant, Habitat for Humanity, Inc., moves to strike count two, arguing that it fails to state a cause of action.
Habitat for Humanity, Inc. maintains that an owner of land abutting a public sidewalk cannot be liable to one injured in the use of that sidewalk, in the absence of a statute specifically authorizing a municipality to impose both a duty of care and liability for breach of that duty on the property owner.
 STANDARD OF REVIEW
A motion to strike tests the legal sufficiency of a pleading.Ferryman v. Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39. It admits all well pleaded facts, and the court must construe facts alleged in a pleading in the manner most favorable to the nonmoving party. Rowe v. Godou, 209 Conn. 273, 278 (1988);Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170
(1988).
If facts as deemed provable in a complaint would support a cause of action, the motion to strike must be denied. Waters v.Autuori, 236 Conn. 820, 825-26 (1996).
 LIABILITY OF ABUTTING LANDOWNERS TO HIGHWAY TRAVELERS
Section 13a-149 of the Connecticut General Statutes provides, in part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair."
The duty to keep in good repair sidewalks within their CT Page 1382 respective limits, is one imposed by law on municipalities.Ryszkiewicz v. New Britain, 193 Conn. 589, 594 (1984); General Statutes § 13a-99.[1]
In the absence of a statute or ordinance, an abutting landowner is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition. Wilson v. NewHaven, 213 Conn. 277, 280 (1989); Tenney v. Pleasant RealtyCorporation, 136 Conn. 325, 329 (1949).
The plaintiff argues that § 7-7(b) of the Danbury Code was adopted pursuant to the authorization contained in § 7-148(C)(v) of the Connecticut General Statutes.
That section permits a municipality to:
 (v) Require owners or occupants of land adjacent to any sidewalk or public work to remove snow, ice, sleet, debris or any other obstruction therefrom, provide penalties upon their failure to do so, and cause such snow, ice, sleet debris or other obstruction to be removed, and make the cost of such removal a lien on such property . . .
Municipalities and their agents have no inherent powers of their own. City Council v. Hall, 180 Conn. 243, 248 (1980); Pepinv. Danbury, 171 Conn. 74, 83 (1976). A municipality can exercise only such powers as are expressly granted to it, or such powers as are necessary to enable it to discharge the duties and carry into effect the objects and purposes of its creation. Bencivengav. Milford, 183 Conn. 168, 173 (1981); Bredice v. Norwalk,152 Conn. 287, 292 (1964).
The question, therefore, is whether any provision of state law authorizes a municipality to shift its duty and responsibility to persons using a public sidewalk to those owning land abutting the sidewalk.
Although a municipality, at its option, may shift the burden from itself to the owner of land abutting a public sidewalk with respect to ice and snow on the sidewalk, pursuant to Connecticut General Statutes § 7-163a,[2] no provision of state law, including § 7-148(C)(v), allows liability to be imposed in circumstances which do not involve ice and snow.
If the plaintiff's position was correct, and § 7-148(C) CT Page 1383 (v) provided such authority, it would have been unnecessary to enact § 7-163a, in order to enable a municipality to adopt an ordinance covering ice and snow removal. Because the common law imposes no liability on an abutting property owner for injuries resulting from conditions on streets or sidewalks, any ordinance attempting to impose liability must be enacted pursuant to statutory provisions authorizing the shift in responsibility.Willoughby v. New Haven, 123 Conn. 446,451 (1937).
To the extent that § 7-7 (b) of the Danbury Code sought to impose liability upon owners of property abutting a sidewalk for injuries sustained by travelers on the sidewalk, the ordinance is ineffective.
No provision of the General Statutes authorizes the City of Danbury to imitate Pontius Pilate, and shift the burden of liability for injuries occasioned by defective sidewalks away from itself, and toward individual citizens, taxpayers, businesses, homeowners and nonprofit corporations.
Any such authority must be specifically conferred by act of the General Assembly. It cannot be assumed in the absence of an express authorization.
Although owners of property abutting public sidewalks may be liable to travelers for injuries sustained, in nuisance, Perkinsv. Weibel, 132 Conn. 50, 52 (1945) (grease seeping from the front of a building onto a sidewalk); Hanlon v. Waterbury,108 Conn. 197 (1928) (gasoline spilling onto a sidewalk); the facts presented here contain no allegation of activities occurring on the defendant's property which increased the danger to those traveling on the sidewalk.
The motion to strike of the defendant, Housatonic Habitat for Humanity, Inc., is granted.
_________________ Radcliffe, J.