******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## AMERICAN TAX FUNDING, LLC *v.* FIRST EAGLE CORPORATION ET AL.
### (AC 42610)

Lavine, Moll and Flynn, Js.

*Syllabus*

The plaintiff, an assignee of municipal tax liens for the tax years 2005, 2006, 2007, and 2008, sought to collect the unpaid taxes on the 2006 through 2008 tax liens. The tax liens had been assigned to the plaintiff by the city of Hartford pursuant to statute (§ 12-195h), which grants to the assignee the same powers and rights the municipality would have if the lien had not been assigned. The plaintiff previously brought a separate action to foreclose on the 2005 tax lien, in which it obtained a judgment of strict foreclosure that it later assigned. In the collection action, the defendant property owner asserted various special defenses, including that the plaintiff's claims were extinguished pursuant to statute (§ 12-195) because the plaintiff had obtained a judgment of strict foreclosure on the 2005 tax lien, and that the defendant's debt had been satisfied. Section 12-195 provides that when a municipality acquires real estate by foreclosure, the acquisition is deemed a cancellation by the municipality as against the tax collector for unpaid taxes. The trial court rendered judgment in favor of the defendant on these two special defenses, from which the plaintiff appealed to this court. *Held*:

1. The trial court properly found that, pursuant to § 12-195 and the controlling precedent of *Municipal Funding, LLC* v. *Gallulo* (72 Conn. App. 755), the 2006 through 2008 tax liens were extinguished by the judgment of strict foreclosure rendered in favor of the plaintiff or its assignee in the foreclosure action on the 2005 tax lien and, thus, barred the plaintiff from recovering in this action; moreover, because the plaintiff or its assignee acquired title to the property by foreclosure, pursuant to § 12-195, all of its claims, in whatever form those claims might take, were extinguished, a result that coincides with the common-law rule that prohibits double recovery and provides that a plaintiff may be compensated only once.

2. This court declined to review the plaintiff's claim that the trial court erred when it concluded that the defendant's debt had been satisfied as the plaintiff failed to present an adequate record for review.

Argued January 15—officially released March 3, 2020

*Procedural History*

Action to recover certain unpaid municipal taxes brought to the Superior Court in the judicial district of Hartford, where the action was withdrawn as against 207 Main Street Investors, LLC; thereafter, the case was tried to the court, *Cobb, J.*; judgment for the named defendant, from which the plaintiff appealed. *Affirmed.*

*David L. Gussak*, for the appellant (plaintiff).

*Gregory W. Piecuch*, for the appellee (named defendant).

*Opinion*

FLYNN, J. In this collection action, the plaintiff, American Tax Funding, LLC, appeals from the judgment of the trial court rendered in favor of the defendant First Eagle Corporation[1] on two of its special defenses. The court concluded that the plaintiff, the assignee of municipal tax liens, was barred from recovery. On appeal, the plaintiff claims that the court (1) improperly determined that its claims were extinguished pursuant to General Statutes § 12-195, and (2) erred when concluding that the defendant's debt to the plaintiff had been satisfied. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts, as found by the trial court, are relevant. The defendant failed to pay its property taxes on real property, located at 40 John Street in Hartford (property), for the tax years 2005, 2006, 2007, and 2008. This resulted in statutory tax liens in favor of the city of Hartford (city) for each of those tax years in the respective amounts of $12,100.55, $10,360.15, $9,465.50, and $10,723.31. On June 26, 2008, June 18, 2009, and June 25, 2010, the city assigned to the plaintiff its rights as to the four tax liens, pursuant to General Statutes § 12-195h, which permits a municipality to assign for consideration liens filed by the tax collector. Each assignment provided that the city assigned "all of the [c]ity's right, title and interest in and to certain liens created by law in favor of the [c]ity of Hartford, Connecticut to allow the tax collector of such [c]ity to secure unpaid taxes on real property . . . . By execution of the [a]ssignment, the [c]ity is assigning and the [a]ssignee is assuming, all of the rights at law or in equity, obligations, powers and duties as the [c]ity of Hartford and the [c]ity's tax collector would have with respect to the above liens . . . ."

On February 17, 2015, the plaintiff initiated a separate foreclosure action seeking to foreclose on the 2005 tax lien only. The plaintiff failed to identify in its foreclosure complaint the 2006 through 2008 tax liens that it also held, despite the requirement under Practice Book §§ 10-69 and 10-70[2] that all encumbrances of record be pleaded in the complaint. On June 12, 2015, the plaintiff moved for a judgment of strict foreclosure. The plaintiff's affidavit of debt stated the amount of debt as $23,810.15. The plaintiff submitted an appraisal of the property and an affidavit of the appraisal, which established that the fair market value of the property was $105,000. The plaintiff's foreclosure worksheet, form JD-CV-77, represented the fair market value of the property to be $105,000. Foreclosure worksheets are filed by the plaintiff for the guidance of the court. The foreclosure worksheet also listed the total encumbrances prior to the plaintiff's 2005 lien to be $65,332.03, an amount equal to the 2006 through 2008 tax liens.[3]

On June 29, 2015, the court granted the plaintiff's motion for a judgment of strict foreclosure and found that the fair market value of the property was $105,000, and the debt was $23,810.15; the court set a law day of August 24, 2015. The law day passed without redemption. On August 26, 2015, the combined total of the 2005 through 2008 tax liens was $93,260.19, and the total payoff amount including attorney's fees and costs was $105,259. On August 27, 2015, the plaintiff assigned the foreclosure judgment to City Shelter, LLC (City Shelter).[4] The plaintiff filed a certificate of foreclosure on August 28, 2015, despite the fact that the plaintiff had assigned the foreclosure judgment to City Shelter. City Shelter sold the property on April 8, 2016, for $63,000, and received a net amount of $44,933.81 after expenses.

Prior to the passage of title to the property and in temporal proximity to the institution of the foreclosure action, the plaintiff initiated the present collection action by a complaint dated February 17, 2015, and filed February 25, 2015. The plaintiff sought to collect the taxes on the liens that the city had assigned to it for the tax years 2006, 2007, and 2008. The defendant filed an answer and asserted special defenses, including that the plaintiff's ability to recover was barred by (1) the judgment of strict foreclosure, and (2) the fact that the plaintiff had received payment and satisfaction of the debt through the foreclosure action.

In its February 5, 2019 memorandum of decision, the court stated that the plaintiff's position was that it had not been made whole because, even though it had obtained a judgment of strict foreclosure of the property, City Shelter sold the property for $63,000, which was less than the total value of the liens. The court noted that, "[a]t trial, the plaintiff's president admitted that their goal in this action was to obtain a double recovery, that is, the property valued at $105,000 and an $85,000 money judgment." Relying on *Municipal Funding, LLC* v. *Galullo*, 72 Conn. App. 755, 806 A.2d 601, cert. denied, 262 Conn. 915, 811 A.2d 1292 (2002), the court reasoned that the plaintiff, which had stepped into the shoes of the municipality, was bound by § 12-195, which expressly provides that the acquisition by a municipality of real estate by foreclosure extinguishes all of its claims by the tax collector for unpaid taxes. The court concluded that "the assigned tax liens at issue were extinguished by the judgment of strict foreclosure, and, therefore, there exists no liens or debt for the plaintiff to collect upon in this case."

The court also found in favor of the defendant on its special defense of payment and satisfaction. The court found that, "[a]t the time of the foreclosure judgment, the plaintiff's four liens had a monetary value, with interest, of approximately $93,000, an amount just below the fair market value of the property of $105,000. Therefore, as the result of the foreclosure judgment,

the plaintiff or its assignee received title to property that had a greater value than the four liens. Thus, the defendant's debt to the plaintiff, resulting from the assigned tax liens, was essentially satisfied by the transfer of the title to the property to the plaintiff or its assignee. The plaintiff cannot now recover again in this action."[5] This appeal followed.

I

The plaintiff claims that the court improperly concluded that the judgment of strict foreclosure rendered in favor of the plaintiff or its assignee in its foreclosure action on the 2005 tax lien extinguished the 2006 through 2008 tax liens, thereby barring the plaintiff from recovery in the present action. The defendant counters that the judgment of strict foreclosure bars the plaintiff from taking further action on the 2006 through 2008 tax liens and contends that to rule otherwise would require *Municipal Funding, LLC* v. *Galullo*, supra, 72 Conn. App. 755, to be overruled, which the plaintiff does not ask this court to do. We agree with the defendant.

This claim requires us to interpret the statutes regarding municipal lien assignment and extinguishment, to which issue we afford plenary review. See Id., 761.

A municipality is a creature of the state and can only exercise powers that are expressly granted to it or which are otherwise necessary to the discharge of its duties. See *Bredice* v. *Norwalk*, 152 Conn. 287, 292, 206 A.2d 433 (1964). By statute, a municipality is authorized to assign tax liens. Section 12-195h provides in relevant part: "Any municipality . . . may assign, for consideration, any and all liens filed by the tax collector to secure unpaid taxes on real property as provided under the provisions of this chapter. . . . The assignee or assignees of such liens shall have and possess the same powers and rights at law or in equity as such municipality and municipality's tax collector would have had if the lien had not been assigned . . . ."

The plaintiff chose to pursue a foreclosure action on one of its tax liens and obtained a judgment of strict foreclosure, despite the fact that it had been assigned three additional subsequent tax liens by the city. As the assignee of municipal tax liens, the plaintiff stands in the shoes of the municipality and is bound by the extinguishment provision of the municipal tax liens statute, § 12-195, which provides in relevant part that "[w]hen any municipality acquires real estate by foreclosure . . . . [t]he acquisition of such real estate by the municipality shall be deemed a *cancellation* by such municipality of *all of its claims* against the tax collector for unpaid taxes and assessments, interest or lien fees assessed against such real estate. . . ." (Emphasis added.)

In *Municipal Funding, LLC* v. *Galullo*, supra, 72 Conn. App. 763–65, this court applied § 12-195 to facts

similar to those in the present case. In *Galullo*, the plaintiff was an assignee of the 1993, 1994, and 1995 municipal tax liens of the city of Waterbury for certain real property. Id., 757–58. The plaintiff took title to the subject property through an action to foreclose on the 1993 and 1994 tax liens. Id., 758. Prior to the passage of the law days, the property was damaged by fire, and the insurer of the former owner of the property issued a check for partial payment of the damage caused by the fire, and made the check payable to the plaintiff, the city, and three other entities. Id. The plaintiff filed an application for an order of mandamus asking the trial court to order the defendant, the tax collector of the city of Waterbury, to endorse the check to the plaintiff as payment for its liens. Id. In granting the defendant's motion for summary judgment, the trial court issued a "thoughtful and well reasoned" decision concluding that all of the plaintiff's tax liens, including the 1995 lien, had been extinguished when the plaintiff took title to the property. Id., 759. The trial court reasoned that § 12-195 "provides that when a municipality forecloses on a tax lien and acquires absolute title to the property, all other liens or claims held by the municipality against the property are cancelled." *Municipal Funding* v. *Galullo*, Superior Court, judicial district of Waterbury, Docket No. CV-00-0161141-S (April 30, 2001) (29 Conn. L. Rptr. 682, 684), aff'd, *Municipal Funding, LLC* v. *Galullo*, 72 Conn. App. 755, 806 A.2d 601, cert. denied, 262 Conn. 915, 811 A.2d 1292 (2002). On appeal, this court rejected the plaintiff's claim that because the fire had occurred before the law days passed, it was entitled to the insurance proceeds. *Municipal Funding, LLC* v. *Galullo*, supra, 762–64. This court held that "the critical fact is not whether the fire occurred before the first law day, but that the plaintiff took title to the property. Just as the plaintiff stepped into the shoes of the municipality as an assignee for purposes of precedence and priority, it also is bound by the extinguishment provision of . . . § 12-195. . . . [B]y taking title to the property, the plaintiff lost its rights to collect on all of its liens, including its 1995 lien." Id., 762–63.

According to the express language of § 12-195, and the controlling precedent of *Municipal Funding, LLC* v. *Galullo*, supra, 72 Conn. App. 755, the plaintiff is barred from bringing the present collection action on the 2006 through 2008 tax liens because all of the plaintiff's tax liens, including the 2006 through 2008 tax liens, were extinguished when the plaintiff or its assignee took title to the property in the foreclosure proceeding. The plaintiff counters that § 12-195 does not extinguish its power to exercise a municipality's ability to institute a collection action on the underlying debt pursuant to General Statutes § 12-161.[6] The plaintiff contends that it released the 2006 through 2008 liens when City Shelter sold the property for $63,000 in 2016, but that it received no portion of the sale proceeds in return for the

releases.[7] The plaintiff argues that it is permitted to bring a collection action on the 2006 through 2008 tax liens pursuant to § 12-195h, which provides in relevant part that "[t]he assignee shall have the same rights to enforce such liens as any private party holding a lien on real property including, but not limited to, foreclosure *and a suit on the debt. . . .*" (Emphasis added.) The plaintiff stresses that the language in § 12-195h regarding "a suit on the debt" was added in 2013, by No. 13-276 of the 2013 Public Acts, following the 2002 decision in *Galullo*. The amendment to § 12-195h does not affect our resolution of this issue because our analysis is controlled by § 12-195, which has not been amended since 1998. Because the plaintiff or its assignee acquired title to the property by foreclosure then, pursuant to § 12-195, "*all* of its claims," in whatever form those claims might take, were extinguished. (Emphasis added.) This result coincides with the common-law rule prohibiting double recovery and providing that a plaintiff may be compensated only once. See, e.g., *Mahon* v. *B.V. Unitron Mfg., Inc.*, 284 Conn. 645, 663, 935 A.2d 1004 (2007).

The plaintiff further argues that General Statutes § 12-172 specifically excludes the extinguishment of the 2006 through 2008 liens. Section 12-172 provides in relevant part that "[n]o sale of real estate for taxes or foreclosure of any lien shall divest the estate sold of any existing lien for other taxes." The plaintiff's argument was rejected by this court in *Galullo*. In that case, this court concluded that its holding that the plaintiff lost its rights to collect on all of its liens by taking title to the property did not conflict with § 12-172. *Municipal Funding, LLC* v. *Galullo*, supra, 72 Conn. App. 763. Relying on the express language in § 12-172, the court reasoned that " '[n]o sale of real estate for taxes or foreclosure of any lien shall divest the estate sold of any existing lien for other taxes' " and concluded that "the plain language of § 12-172 and its relationship to other language in the statutory municipal foreclosure scheme indicates that this section applies only to real estate sales or foreclosure by sale. It does not apply to instances of strict foreclosure. . . . In addition to the plain language limiting § 12-172 to foreclosures by sale, we note that in 1998, the legislature amended § 12-195 to distinguish between strict foreclosures and foreclosures by sale or auction. See Public Acts 1998, No. 98-35, § 1. Speaking in favor of the amendment, which added the words 'foreclosure by sale or auction' to the statute, Representative John S. Martinez stated that 'this bill would allow municipalities to cancel unpaid taxes on parcels of land acquired by municipalities through foreclosure by sale or auction. Presently, the [statutory reference to 'foreclosure'] only allow[s] municipalities to cancel such taxes when a parcel is acquired through strict foreclosure.' 41 H.R. Proc., Pt. 5, 1998 Sess., p. 1601. We conclude that the reverse also is true. Because § 12-172

refers only to sales of real estate for foreclosure of liens, we conclude that it does not apply to strict foreclosure. Accordingly, § 12-172 does not save the plaintiff's 1995 lien from extinguishment." (Emphasis omitted.) Id., 763–64. Because § 12-172 does not apply to instances of strict foreclosure, the plaintiff cannot prevail on this argument.

For the foregoing reasons, we conclude that the court properly found in favor of the defendant on its special defense of extinguishment pursuant to § 12-195. Accordingly, the court properly precluded the plaintiff from recovering in the present collection action.

## II

Although we have concluded that the court properly found in favor of the defendant on its defense of extinguishment, we briefly discuss the plaintiff's claims regarding the second special defense, namely, satisfaction of the debt. This claim is unreviewable. Although the plaintiff claims that our review standard is plenary, our resolution of the issues raised requires us to determine whether there is evidence in the record to support the court's findings or, even if there is such support in the record, whether, on the basis of a review of the entire evidence, we are left with a definite and firm conviction that a mistake has been committed.[8] See, e.g., *ARB Construction, LLC* v. *Pinney Construction Corp.*, 75 Conn. App. 151, 156, 815 A.2d 705 (2003). It is axiomatic that it is the plaintiff's burden to prove its claims on appeal and show that the court's finding that the debt had been satisfied was clearly erroneous. Although the plaintiff challenges the court's factual findings, it has not provided us with transcripts. Practice Book § 61-10 (a) provides: "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire record is complete, correct and otherwise perfected for presentation on appeal."[9] Because the plaintiff has not met its burden of providing an adequate record for our review, we decline to review this claim.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The action was withdrawn as to the defendant 207 Main Street Investors, LLC. All references to the defendant are to First Eagle Corporation.

[2] Practice Book § 10-69 provides: "The complaint in all actions seeking the foreclosure of a mortgage or other lien upon real estate shall set forth, in addition to the other essentials of such complaint: All encumbrances of record upon the property both prior and subsequent to the encumbrance sought to be foreclosed, the dates of such encumbrances, the amount of each and the date when such encumbrance was recorded; if such encumbrance be a mechanic's lien, the date of commencing to perform services or furnish materials as therein recited; and if such encumbrance be a judgment lien, whether said judgment lien contains a reference to the previous attachment of the same premises in the same action, as provided by General Statutes § 52-380a."

Practice Book § 10-70 (a) provides in relevant part: "In any action to foreclose a municipal tax or assessment lien the plaintiff need only allege and prove . . . (5) other encumbrances as required by the preceding section. . . ."

[3] The plaintiff listed the 2006 through 2008 tax liens as prior encumbrances on the foreclosure worksheet, in contravention of Practice Book § 10-69, despite the fact that those liens are later in time and are therefore junior to the 2005 lien. The plaintiff did not set forth in its foreclosure complaint, which was admitted as a full exhibit in the present action, the 2006 through 2008 tax liens as either prior or subsequent encumbrances to the encumbrance sought to be foreclosed on, nor did the plaintiff set forth the date of such encumbrances or the amount of each and the date when such encumbrances were recorded.

[4] The plaintiff did not substitute City Shelter as the plaintiff in the foreclosure action. The trial court in the present action determined that the certificate of title filed by the plaintiff indicated that title to the property passed to City Shelter on August 29, 2015. It noted that neither the plaintiff nor the defendant argued that this assignment had any material effect on the issues in the collection action.

We note that the plaintiff did not amend the complaint to show the volume and page number of the assignment of the foreclosure judgment on the land records. The plaintiff did not raise as an issue on appeal that City Shelter was the entity that took title to the property. Therefore, for purposes of this appeal, we do not treat the assignment as having any material effect.

[5] The court did not find in favor of the defendant on its special defenses of judicial estoppel or laches.

[6] The plaintiff argues that the defendant did not plead or raise in the trial court that, under the circumstances of the present case, any and all of the plaintiff's remaining claims were extinguished pursuant to § 12-195. In the exercise of our plenary review over the interpretation of the pleadings; see *Grenier* v. *Commissioner of Transportation*, 306 Conn. 523, 536, 51 A.3d 367 (2012); we conclude that the defendant properly raised this defense.

[7] We note that the remedy of a deficiency judgment is not available to a municipality or its assignee. See *Winchester* v. *Northwest Associates*, 255 Conn. 379, 388, 767 A.2d 687 (2001).

[8] The plaintiff asserts that the standard of review on all of its claims is plenary. The arguments the plaintiff has made regarding the factual findings underpinning the court's conclusion regarding the defendant's second special defense involve questions of fact.

[9] "The commentary for [Practice Book] § 61-10 provides . . . that '[t]he adoption of subsection (b) is not intended to preclude the court from declining to review an issue where the record is inadequate for reasons other than solely the failure to seek an articulation . . . .' " *Ippolito* v. *Olympic Construction, LLC*, 163 Conn. App. 440, 451 n.6, 136 A.3d 653, cert. denied, 320 Conn. 934, 134 A.3d 623 (2016).

———————————————